Filed Oct. 10, 1889.

---

No. 15,002.

## THE SUPREME SITTING ORDER OF THE IRON HALL *v.* STEIN.

BENEFIT SOCIETY.—*Sick Benefits.*—*Remedy within the Order.*—*Right to Resort to Courts.*—Where the only right of appeal allowed a member of a benefit-society with respect to a claim for sick benefits is from the decision of the supreme medical officer of the society thereon, the refusal of an officer of the local branch to which the claimant belongs, whose duty it is to do so, to certify to his claim, the justness of which is not

questioned, thereby preventing him from presenting it to the supreme medical officer for decision, in the manner required by the laws of the society, exhausts his remedy within the order, and he may resort to the courts to enforce his claim.

From the Marion Superior Court.

*A. W. Wishard,* for appellant.

*W. Wallace,* for appellee.

OLDS, J.—This is an action by the appellee to recover $150 on account of sick benefits claimed to be due him from the appellant.

The case was put at issue, a trial had, and judgment was rendered for the appellee for $150.

The appellant is a charitable and benevolent society, incorporated, pursuant to the laws of the State of Indiana. As set out in its articles of association, " the principal objects of the order of the Iron Hall, of which this association is the head, shall be to unite in bonds of union, protection, and forbearance all acceptable white persons of good character, steady habits, sound bodily health, and reputable calling, who believe in a Supreme Intelligent Being, the Creator and Preserver of the Universe; to improve the condition of its membership morally, socially, and materially, by instructive lessons, judicious counsel, and timely aid, by encouragement in business, and by assistance to obtain employment when in need; to establish a benefit fund from which members of the said order who have complied with all its rules and regulations, or the heirs of such members, may receive a benefit in a sum not exceeding one thousand dollars ($1,000), which shall be paid in such sums and at such times as may be provided by the laws governing such payment, or in the certificate of membership, and when all the conditions regulating such payment have been complied with."

The appellee was a member of Local Branch, No. 379, of appellant, located at St. Louis, Missouri.

The case is presented upon the evidence, a motion for a new trial having been made by appellant and overruled, and exceptions taken.

The evidence shows that at the time of appellee's admission into the order he made and submitted to Local Branch, No. 379, the following application for membership :

"PETITION FOR MEMBERSHIP.

"ST. LOUIS, April 20th, 1887.

"*To the Officers and Members of Local Branch, No. 379, O. I. H.*

" Having conceived a favorable opinion of the purpose and objects of your order, I respectfully ask to be admitted thereto as a member of your branch, and apply for a certificate, in amount of $1,000.   I agree, if admitted, to conform to all the laws, rules, and usages of the order, and to promptly comply with all lawful requirements.

" I further expressly stipulate and agree that the answers which I have made, or shall make, to the questions asked in connection with this application, are full, true, and complete statements of all matters touched upon thereby, and that any evasion, concealment, or withholding of information in said answers or in this petition, shall work a complete and final forfeiture of all benefits from said order to which I might otherwise have been entitled ; that I will not enter into any legal proceedings against the order for any claim I may have for sick benefits or total disability until I have first exhausted all remedy within the order as prescribed by the laws, as set forth in the constitution and ritual of the order.

"FRITZ STEIN, *Petitioner.*"

At the time appellee was initiated into the order, and became a member of Local Branch, No. 379, he took and signed the following obligation :

"LOCAL BRANCH, NO. 379, ORDER OF THE IRON HALL.

"April —, 1887.

" I, Fritz Stein, having made a voluntary petition for

membership in the Order of the Iron Hall, do solemnly swear, that, if accepted, I will faithfully abide by all the laws, rules, and regulations of the Supreme Sitting, or of this branch, or of any other branch of the Order of the Iron Hall of which I may become a member, and all additional laws and amendments that may hereafter be enacted; and in consideration of my membership therein, I do further pledge my sacred honor that I will present only just claims for sick benefits; that I will accept as just whatever amount shall be allowed me by the branch of which I may be a member, upon each and every claim for sickness or disability that I may present for benefits, that the same shall be a full settlement therefor; and I further promise and agree that I will not object to a review of any claim for benefits that I may file for sickness or disability by the supreme medical director, and his decision thereon shall be accepted by me as a final settlement for the amount due me on any claims so submitted. I further promise and agree that I will not enter into any legal proceedings against the order for any claim I may have for benefits or membership until I shall have first exhausted all remedies of appeal within the order as prescribed by the laws, rules, and regulations now in force, or which may hereafter be enacted, as set forth in the application, ritual and constitution of the order. FRITZ STEIN."

The laws of the order prescribe the following mode of allowance and payment of sick benefits:

" Section 7. When a member has been sick for one full week, and said sickness has been properly certified to by his attending physician, and certified to by the relief committee and medical examiner of his branch, after a full recovery from said sickness, and the approval of his claim by the supreme medical director, the sum due said member as prescribed in his certificate, on proper proof by the supreme accountant, shall be paid; and such payments shall be charged against the member by the supreme accountant and

indorsed on the back of the certificate, and in like manner until one-half of the amount named in said certificate shall have been paid : *Provided,* That in no case shall a member be entitled to benefits whose sickness has been less than one week's duration, nor for sickness that may occur within the first sixty days from the date of initiation, nor for any fractional part of a week, nor for a time longer than one week prior to the date of notice of sickness to the officers of the branch. Benefits shall be allowed only to members whose sickness or disability renders them incapable of pursuing their usual. vocation, and only for the number of weeks during which they remain incapable of following their ordinary business pursuits."

The law of the order authorizing an appeal is as follows :

"ARTICLE XIII. MODE OF APPEAL.

" Section 1. Any members considering that injustice has been done them by this branch, or by the disapproval of their claim for sick benefits by the supreme medical director, shall, within one month after such decision or disapproval, make a written appeal to the Supreme Sitting, or supreme justice, stating their reasons therefor. Immediately upon making the appeal, they must notify this branch of the fact. This branch, within one month after receiving such notice, shall forward to the Supreme Sitting, or supreme justice, a copy of all the minutes of this branch relating to the subject, together with the journal and testimony taken by the committee, certified to by the chief justice and accountant, with the seal of the branch attached ; the member making the appeal must certify to the Supreme Sitting, or supreme justice, that he has notified this branch of the appeal. Should either party neglect his duties, the appeal may be considered as dismissed to the disadvantage of the branch or of the member.

" Section 2. Any member who has been expelled by this branch for any reason other than non-payment of dues, fines.

'or assessments, shall not be restored to membership in this or any other branch without the permission of the Supreme Sitting, or, in case it is not in session, of the supreme justice."

There is no controversy made in the case as to the appellee's sickness, as alleged, nor is it controverted that he gave the proper notice of his sickness, and that he was, at the time of the sickness, a member of the order in good standing; and is, in fact, entitled to sick benefits to the amount of $150.

The contention on the part of counsel for appellant is, that this suit could not be brought by the appellee until he had exhausted all remedies of appeal within the order as prescribed by the laws, rules, and regulations of the order, and that appellee had not exhausted all remedies of appeal within the order as prescribed by the laws, rules, and regulations of the order when he brought this suit; that he had never presented his claim to the supreme medical director for approval, nor had he taken any appeal from the decision of such supreme medical director, as prescribed in the laws of the order.

All the means we have of ascertaining what are the laws, rules, and regulations of the order, are as they appear from the record in this case, and we have set out such as are contained in the record and have any bearing on the question presented.

By section 7 of the by-laws the member is required to have his sickness certified to by his attending physician and the relief committee and medical examiner of the branch of the order to which he belongs, and present such certificate to the supreme medical director for approval.

Article 13, section 1, provides for an appeal being taken from the decision of the supreme medical director disapproving a claim for sick benefits.

As it appears from the laws of the order, as set out in the record in this case, it is the duty of the member to present to the supreme medical director the certificate of his sickness, signed by his attending physician and the relief com-

mittee and medical examiner of the branch of the order of which he is a member.

There is no authority for the supreme medical director to allow any claim for sick benefits except such sickness be certified to by all of these persons. It is conceded by counsel in this case that one of the officers of the local branch, who was required to certify to such sickness, when requested and demanded, refused to sign the certificate of such sickness for the appellee ; therefore the appellee could not procure such a certificate signed by the proper officers of the local branch, as he was required to present to the medical director, nor such a certificate as the director was authorized, under the laws of the order, to approve. Under this state of facts was the appellee required to present such certificate, improperly certified, to the supreme medical director, knowing it must, under the laws of the order, be disallowed, and take an appeal from his decision. That is to say, the appellee, as proven by the uncontroverted evidence in this case, and conceded by the counsel, had a valid claim for sick benefits to the amount he was demanding, and one of the officers of the local branch to which he belonged, whose duty it was to sign a certificate, refused to sign it, and the appellee was unable to procure a proper certificate of his sickness by reason of the wilful neglect of this officer to discharge his duty. Was the appellee bound to file such certificate, not properly verified, before the medical director, and appeal from his decision ? We do not think he was. He was prevented from presenting a proper certificate of his sickness to the medical director by reason of the wilful neglect and refusal of an officer of the order to sign the certificate, as it was his duty to do, under the conceded facts in this case, and we think the appellant can not defeat a recovery in this case by reason of the conceded neglect of the officer of the local branch to discharge his duty.

It remains, then, to determine whether there was any other course the appellee might or should have pursued. Was

there any right given him to appeal from the action of the local branch in refusing to sign his certificate? We think there was not, and that there is no appeal provided from such refusal of the officers of the local branch to sign a certificate as to the sickness of the member.

As it will be seen, section 1, article 13, provides that "Any members considering that injustice has been done them by this branch, or by the disapproval of their claim for sick benefits, by the supreme medical director, shall, within one month after such decision or disapproval, make a written appeal to the Supreme Sitting or supreme justice." This section, as we interpret it, contemplates and gives the right of appeal from the action or decision of the local branch to which the member belongs. It contemplates that the local branch may take action in regard to, and affecting, the rights of one of its members, and from any such decision by the local branch the member might appeal to the Supreme Sitting or supreme justice from such decision; but as regards claims for sick benefits, as appears from the laws of the appellant, set out in the record, they are not required to come before the local branch, or to be passed upon by it. Another mode is prescribed for their allowance and payment, viz.: The member shall procure a certificate as to his sickness, signed by his attending physician and relief committee, and medical examiner of the branch to which he belongs, and present to the supreme medical director for allowance, and from the action of such medical director he has an appeal, but the laws do not give to him the right of appeal from the action of the officers of the local branch in refusing to sign his certificate. The only duty of the medical director to allow such benefits, pointed out by the laws of the appellant, as set out in the record, is in section 7, which provides for his approval of the member's claim for sick benefits; for various reasons the medical director might disapprove such claim, if it was not properly certified; if the sickness had occurred within the first sixty days from the date of the member's in-

itiation, and the appeal would lie to determine whether the decision of the medical director was correct or not. Why then require the member to present a claim to the supreme medical director for allowance which was not properly certified and entitled to allowance by him?

Conceding, but not deciding, for it is unnecessary to decide the question in this case, that the law is as contended for by counsel for appellant, viz.: that the appellant was bound by his contract not to institute legal proceedings for the collection of his claim until he had exhausted all remedies of appeal within the order, as prescribed by the laws, rules, and regulations of the order, it was the duty of the appellant to prescribe in its laws a specific mode for the presentment and allowance of claims for sick benefits, and provide a mode of appeal from such officer or branch to whom, or which, the claim was to be presented. The laws of the order, which we have been referred to, do not make any such provision. The only appeal prescribed in case of sick benefits is from the medical director, and he is not empowered with authority to allow or fix the amount, but to approve the claim after it has been properly certified, or he may, no doubt, disallow the claim. Section 5, as set out in the record, provides that the supreme medical director shall carefully examine all reports and papers relating to the sickness or disability of a member of the order, and render his decision thereon; but section 7 points out the mode by which the claim shall be presented to him.

There is no controversy made in the case in regard to the right of the appellee to the benefits claimed, and no excuse given for the refusal of the officer to sign his certificate. The conclusion we reach is, that the claim for sick benefits for which judgment was rendered was due the appellee, and he made a proper effort to have the local officers of the branch to which he belonged sign his certificate; one of them refused, without cause, to sign it. Under the laws of the order he was required to present the certificate, properly signed, to

the supreme. medical director ; by reason of the neglect of the officer of the local branch he was prevented from obtaining, and was unable to obtain, a proper certificate of his sickness to present to the director. By reason of the neglect of such officer, the appellee was prevented from complying, and was unable to comply, with the laws and rules of the order ; and having a just and lawful claim against the order, he had the right to bring suit, and the recovery can not be defeated by the appellant on the ground that one of the officers of a local branch of the order refused to sign his certificate, which would have enabled him to present his claim properly certified for allowance.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

