Herrod *et al. v.* Smith *et al.*

No. 1,365.

HERROD ET AL. *v.* SMITH ET AL.

AMENDMENT OF PLEADING.—*Superseding Original.—Striking Out Amended Complaint at Instance of Defendant. — Estoppel.* —When an amended complaint is properly filed it supersedes and takes out of the record the original, but when the amended complaint has been stricken out and rejected by the court at the instance of the defendant, as not having been entitled to be placed on file, the defendant is estopped from asserting that the motion was not really well taken, but that the amended complaint was properly filed, and therefore effectual to supersede the original.

JUDGMENT.— *When not Affected by Technical Error.—Appellate Court Practice.*—A judgment will not be reversed or affected by reason of any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.

From the Boone Circuit Court.

*S. M. Ralston* and *M. Keefe,* for appellants.

*A. J. Shelby,* for appellees.

GAVIN, J.—Appellees sued to recover the contract-price for hauling gravel out of a certain pit and placing the same for appellants upon the bank of the pit.

The complaint alleges performance on the one hand and acceptance on the other.

Appellants filed certain interrogatories, without filing any answer, and obtained a rule against appellees requiring answers to them. Appellees, apparently for the purpose of avoiding compliance with this rule, before answer, filed an amended complaint. Appellants thereupon moved to strike this pleading from the record, for the reason that it was identical with the former complaint and was a sham, filed merely to avoid the rule to answer interrogatories.

This motion was first overruled, but the court afterwards reconsidered its ruling and made an order that

"the court now sustains said motion and hereby refuses to permit the filing of said amended complaint to become a part of the record." Appellants then moved for judgment for costs, upon the ground that "the record of the case shows that there is no complaint on file therein." This motion was overruled, with an exception, and a rule to answer the complaint was entered against appellants. The interrogatories were then answered by appellees and the issues perfected by the filing of answers and a reply. Trial was had, a special verdict rendered and judgment entered thereon in appellees'favor.

It is undoubtedly the rule that when an amended pleading is properly filed, it supersedes and takes out of the record the original; but when the amended pleading has been stricken out and rejected by the court, as in this case, at the instance of the opposite party, as not having been entitled to be placed on file, we are of opinion that that party is estopped from asserting that the motion was not really well taken, but that the last pleading was properly filed and therefore effectual as such to supersede the original.

Appellants' position was sustained by the trial court, which refused to permit the amended pleading to become part of the record. The original pleading could have been readily refiled, but the court then evidently regarded the original complaint as still standing; a rule to answer, treating the amended pleading as though it had never been filed, was entered and the issues regularly made up without further objections.

Under such circumstances, if there was any error at all it was of the purest technical character, in no manner affecting the substantial rights of the parties. We are unable to see how any better case could arise for applying section 401, R. S. 1894, which provides that "the court must, in every stage of the action, disregard any

error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of such error or defect.''

The verdict is abundantly sufficient to authorize the judgment.

Filed Nov. 22, 1894; motion for rehearing overruled Feb. 23. 1895.