JOHNSTON ET AL. *v.* FRANKLIN KIRK COMPANY ET AL.

[No. 12,084. Filed June 4, 1925. Rehearing denied October 16, 1925.]

1. CONTRACTS.—*Parties cannot, by contract, oust the jurisdiction of the courts in case of disagreement between them.*—Parties to a contract cannot bind themselves so as to oust the jurisdiction of the courts in case of disagreement between them, especially where there is no disagreement at the time of entering into the contract. p. 522.

2. CONTRACTS.—*Contract not necessarily void because one clause or part is void.*—That one clause or part of a contract is illegal and void does not necessarily mean that the entire contract is void. p. 523.

3. CONTRACTS.—*Clause of contracts making manufacturer's decision final in case of disagreement among automobile dealers held void.*—A clause in contracts with different automobile dealers that, in case of disagreement among them, the manufacturer's decision should be final, is void as ousting the jurisdiction of the courts. p. 523.

4. CONTRACTS.—*Contracts between manufacturer and its dealers obligating each dealer to divide commission with other dealer in whose territory he made sales held valid.*—Contracts between a manufacturer of automobiles and its various dealers, substantially alike, obligating each dealer, in case he made sales in another dealer's territory, to pay the latter a certain per cent. of his commission, is valid, not being against public policy nor in restraint of trade. p. 523.

5. PRINCIPAL AND AGENT.—*Correspondence between manufacturer and dealer as to violation of contract by another dealer held admissible.*—In an action between automobile dealers for breach of contract with manufacturer by making sales in plaintiff's territory, correspondence between the plaintiff and the manufacturer relative to the violations, in compliance with the agreement between the parties as to how a party violating his contract should be notified, was admissible; defendant's contract with the manufacturer being made for the benefit of the plaintiff as well as defendant. p. 523.

From Newton Circuit Court; *George A. Williams,* Judge.

Action by C. B. Johnston and another, as partners, against the Franklin Kirk Company and another. From

a judgment for defendants, the plaintiffs appeal. *Reversed.* By the court in banc.

· *Hanley & Hanley,* for appellants.
*Moses Leopold,* for appellees.

THOMPSON, J.—Appellants and appellees are dealers, selling Franklin automobiles by virtue of written contracts with the Franklin Automobile Company, each of the parties having different territory under their contracts within which to sell the same. Each contract contained the same territorial infringement clause, and appellants filed their complaint in three paragraphs, alleging in each paragraph that appellees had made a sale in appellant's territory in violation of the contract, and, by reason thereof, appellants are entitled to a division of the discount amounting to ten per cent. of the list price of each automobile sold in accordance with the provisions of the contract entered into by appellees with the Franklin Automobile Company, and it was alleged in each paragraph of complaint, in substance, that appellants' and appellees' contracts with the Franklin Automobile Company were made and entered into for the benefit of each other and that said Franklin Automobile Company made similar contracts, in substance, with all their dealers, except as to territory, and that part of clause eleven (11) in said contract necessary to the decision of this case is as follows: "In case of any disagreement under this paragraph, among dealers or sub-dealers, the distributor's decision shall be final."

Appellants allege that appellees violated said contract and are therefore indebted to appellants for the amounts claimed in each paragraph of complaint. A copy of said contract is made a part of each paragraph, and appellants say they have fully complied with the terms and provisions of said contract on their part, and, before

the bringing of this action, they made a demand of appellee for the amount claimed in each paragraph, and that appellees refused to pay the same. Appellees filed a demurrer to each paragraph of complaint, which demurrer was overruled and to which ruling appellees excepted. Appellants filed an amended third paragraph of complaint.

Appellees filed answer in general denial to each paragraph of complaint and also a second paragraph of answer, in which it was alleged, in substance, that on September 29, 1922, appellee Kirk was engaged in the sale of automobiles and that he later entered into a written contract, under the name of Franklin Kirk Company, with the Franklin Automobile Company, whereby he became a dealer and agreed to sell Franklin automobiles in certain territory therein described, in the State of Indiana, and that said contract was similar to the contract marked "Exhibit A" in plaintiff's complaint, except as to the territory therein described; that the Franklin Automobile Company is a corporation engaged in the manufacture and sale of Franklin automobiles in the State of New York, and that, in order to dispose of their output, it was their custom to appoint dealers to sell their products in the United States, and that the contract mentioned in complaint and the contract between the Franklin Automobile Company and appellees constitute a part of a system of contracts between the Franklin Automobile Company and its dealers all over the United States.

Appellees say that said contract is against public policy, and if said contract is carried out, the public will be injuriously affected thereby; that clause eleven (11) of said contract is void, as being against public policy, and appellees demanded judgment for costs.

Appellants demurred to the second paragraph of answer, which demurrer was overruled and appellants ex-

cepted. Appellants replied to second paragraph of answer.

The case was submitted to a jury for trial and, at the close of appellants' testimony, each party requested a peremptory instruction. The court then instructed the jury to return a verdict for appellees. To the giving of said instruction appellants excepted.

Appellants assign as error: (a) The court's overruling the demurrer to appellees' second paragraph of answer; (b) the court's overruling the motion for a new trial.

Appellees insist that the court's ruling on the demurrer to second paragraph of answer was correct, and also say that, "A bad answer is good enough for a bad complaint," and it seems that appellees' contention is that on account of clause eleven (11) in the contract, and especially that part wherein it provides, "In case of any disagreement under this paragraph, among dealers or sub-dealers, the distributor's decision shall be final," each paragraph of complaint is bad, and appellees further contend that the contract is against public policy and a contract in restraint of trade.

It is the law that parties to a contract cannot bind themselves so as to oust the jurisdiction of the courts in case of disagreement between them, and especially where the disagreement does not exist at the time of entering into the contract. *Kempton Lodge, etc.,* v. *Mozingo* (1913), 180 Ind. 566, 103 N. E. 411; *Supreme Sitting Order of the Iron Hall* v. *Stein* (1889), 120 Ind. 270, 22 N. E. 136; *Louisville, etc., R. Co.* v. *Donnegan* (1887), 111 Ind. 179, 12 N. E. 153; *Maitland* v. *Reed* (1906), 37 Ind. App. 469, 77 N. E. 290; *Supreme Council, etc.,* v. *Garrigus* (1885), 104 Ind. 133, 3 N. E. 818, 54 Am. Rep. 298; *Bauer* v. *Samson Lodge, etc.* (1885), 102 Ind. 262, 1 N. E. 571; *Kistler* v. *Indianapolis, etc., R. Co.* (1882), 88 Ind. 460.

The law is well settled that where one clause or part of a contract is illegal and void, that it does not mean that the entire contract is void. So, in this case, 2-4. we hold that the clause above quoted in section eleven of the contract is void, but the remainder of said contract is valid and not against public policy, nor is it such a contract as is in restraint of trade, for the reason that the Franklin Automobile Company has a right to control its own output and make contracts with reference to the sale thereof and the contracts in question were made for the benefit of all dealers selling Franklin automobiles for said company, wherein it was provided that should one dealer sell in another dealer's territory he should pay him ten per cent. of the list price of the automobile sold. Each party to the contract agreed to do this and we know of no legal reason why each should not be held to his contract.

We hold in this case that each paragraph of complaint stated a cause of action, and that the second paragraph of answer was bad and the demurrer thereto should have been sustained.

As we view the law governing this case, the parties agreed how the party violating his contract should be notified, and the court should have permitted ap- 5. pellant to introduce all letters and correspondence between the appellants and the Franklin Automobile Company and also those written by the Franklin Automobile Company to the appellees pertaining to the alleged violation of the contract, for this is an action to recover for a breach of the contract made by the appellees with the Franklin Automobile Company, and that contract was made for the benefit of appellants as well as for appellees.

The court, in overruling the demurrer to the second paragraph of answer, announced as a proposition of law, that the facts therein pleaded constituted a de-

fense to the action.    This erroneous view of the law the court carried into its instruction given to the jury, and it therefore follows that the verdict of the jury is contrary to law and that appellants' motion for a new trial should have been sustained.

The judgment is therefore reversed, with instruction to the trial court to sustain the motion for a new trial, to sustain the demurrer to the second paragraph of answer, and for further proceedings consistent with this opinion.

Judgment reversed.