## SIMPSON ET AL. *v.* FULLER.

[No. 17,172. Filed December 22, 1943. Rehearing denied February 21, 1944. Transfer denied March 21, 1944.]

*Bartlett H. Campbell and Jack B. Campbell,* both of Anderson, for appellants.

*Pence, O'Neill & Diven,* of Anderson, for appellee.

DOWELL, J.—Appellants brought an action against appellee in the court below to recover the sum of $700.00 upon a conditional sale contract. The contract contained a cognovit clause as defined by the laws of this State.

Appellants first filed in the court below a simple complaint on account which was answered by appellee to which answer appellants replied. Later appellants filed a further pleading designated a second paragraph of complaint setting up therein the contract, which pleading was received and entertained without objection. To this second paragraph of complaint appellee addressed a demurrer for want of facts which was sustained by the trial court. Appellants, thereupon, amended this second paragraph of complaint by deleting the cognovit clause of the contract, whereupon appellee filed a motion to strike the amended paragraph from the record which motion was sustained by the trial court on March 1, 1943. Appellants, on March 29, 1943, appeared and dismissed their first paragraph of complaint, refused to plead further and finding and judgment for appellee followed.

Appellants assign as error: (a) The court erred in sustaining appellee's demurrer to the second paragraph of complaint; (b) the court erred in sustaining appellee's motion to strike the amended second paragraph of complaint from the record; (c) the court erred in rendering judgment for appellee.

Appellants' third assignment presents no question. *McGinnis* v. *Boyd* (1896), 144 Ind. 393, 42 N. E. 678.

Appellee insists that the second assignment, likewise, presents no question for the reason that same

should have been presented by a bill of exceptions. We cannot agree with appellee. The rule which formerly required this mode of presentation was changed by § 2 and § 3, ch. 193, Acts 1903, § 2-1069 and § 2-3104, Burns' 1933, § 461 and § 458, Baldwin's 1934. See *Crystal Ice Co.* v. *Morris* (1903), 160 Ind. 651, 67 N. E. 502.

Appellee urges also that the first assignment presents no question and in support of his contention asserts that appellants, having filed their amended second paragraph of complaint, the original pleading was taken out leaving no question for review upon it. This is the general rule as expressed in the case of *Kimble* v. *Jolly* (1940), 217 Ind. 698, 30 N. E. (2d) 463, cited in appellee's brief. However, appellee, being the moving party in the court below on his motion to strike has estopped himself from asserting here that the original second paragraph of complaint is not before us for review. An amended complaint properly filed supersedes and takes out of the record the original, but when the amended complaint has been stricken out and rejected by the court at the instance of the defendant, as not having been entitled to be placed on file, the defendant is estopped from asserting that the motion was not really well taken, but that the amended complaint was properly filed and therefore effectual to supersede the original. *Herrod et al.* v. *Smith et al.* (1895), 12 Ind. App. 21, 38 N. E. 870.

An examination of the briefs discloses that appellee's demurrer to the second paragraph of complaint rested solely on the ground that the contract contained a cognovit clause and was, therefore, void and unenforceable as being in violation of § 1, ch. 227, Acts 1927, § 2-2906, Burns' 1933, § 398, Baldwin's 1934, and § 1,

ch. 66, Acts 1927, § 2-2904, Burns' 1933, § 399, Baldwin's 1934.

Section 2-2906, Burns' 1933, § 398, Baldwin's 1934, is a penal statute and should be construed as such. Under it instruments containing cognovit provisions are not declared void by express terms. The statute merely defines a misdemeanor and prescribes a penalty therefor. It must be construed strictly and cannot be extended or enlarged beyond its express provisions.

Nor does it appear that § 2-2904, Burns' 1933, § 399, Baldwin's 1934, is intended to make void entire contracts containing, among other provisions, cognovit clauses. It only is intended to make void contract provisions giving power of attorney with authority to confess judgment on such instrument for a sum of money to be ascertained in a manner other than by action of the court upon a hearing after notice to the debtor. A study of this section impresses us that the purpose and intent of the Legislature as thereby and therein expressed is to prevent judgments from being obtained without notice or service of process by virtue of a power or authority executed prior to the accrual of a cause of action.

In the instant case we are confronted with a contract containing, in addition to the cognovit clause, several provisions and agreements, all of them wholly within the law. Does the inclusion therein of the cognovit clause made void the entire contract? We think not. Where an agreement founded on a legal consideration contains several promises, or a promise to do several things, and a part only of the things to be done are illegal, the promises which can be separated, or the promise, so far as it can be separated, from the illegality, may be valid. Thus, where

a contract is made up of several covenants and agreements, and one covenant is illegal, if the illegal covenant can be eliminated without destroying the symmetry of the contract as a whole, the courts will do so and enforce the remainder. *Jordan* v. *Kittle* (1928), 88 Ind. App. 275, 150 N. E. 817.

In the instant case the cognovit clause in the contract under consideration is separable without in any wise affecting the remainder of the contract. Nor did appellants attempt to act under the cognovit provision. From the record it appears that appellants filed their complaint in due form and process issued thereon. From the showing of the complaint appellee is indebted to appellants on a contract and appellants seek relief in a manner wholly legal.

Appellee's demurrer to the second paragraph of complaint should have been overruled. Other questions here presented are fully resolved by the foregoing opinion.

See also *Johnston* v. *Franklin Kirk Co.* (1925), 83 Ind. App. 519, 148 N. E. 177; *Smith* v. *Yost* (1920), 72 Ind. App. 628, 125 N. E. 73; *Emshwiller* v. *Tyner* (1899), 21 Ind. App. 347, 52 N. E. 459; *Peoples Nat'l Bank etc.* v. *Pora* (1937), 212 Ind. 468, 9 N. E. (2d) 83; *Phend* v. *Midwest Engineering Co.* (1931), 93 Ind. App. 165, 177 N. E. 879.

Reversed with instructions to the court below to overrule appellee's demurrer to appellants' second paragraph of complaint and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 51 N. E. (2d) 870.