**ADMIRAL CORPORATION**

v.

**ADMIRAL EMPLOYMENT BUREAU,**
Inc., et al.

**No. 56 C 2135.**

United States District Court
N. D. Illinois, E. D.
April 11, 1957.

Byron, Hume, Groen & Clement, Chicago, Ill., for plaintiff.

James A. Brown, Chicago, Ill., for defendants.

LA BUY, District Judge.

The above action is alleged to be brought pursuant to the

"statutes and common law of the State of Illinois and the trademark and unfair competition laws of the United States, and is for the infringement and dilution of a trade name and a registered mark and for unfair competition in trade. There is diversity of citizenship, and the amount involved exceeds the sum of Three Thousand Dollars ($3,000.00)."

It is further alleged that plaintiff is the holder of some twelve registrations for the trade name Admiral in the United States Patent Office and also holds a registration for the same in the State of Illinois; that notwithstanding plaintiff's well-known prior right in its mark and trade name, the defendant has used the name Admiral in direct competition with plaintiff for the labor and other services of prospective employees and has deceived, confused and misled prospective employees into believing that defendant's advertisements and services were in fact the plaintiff's. The plaintiff prays that defendant be enjoined from further use of the trade name Admiral in connection with their corporate name and from otherwise infringing and unfairly competing with the plaintiff; that an accounting be had of all the profits received, and for the damages which the plaintiff has sustained on account of said infringement, unfair competition, dilution and defamation, and "that such damages be trebled".

The defendant, Admiral Employment Bureau, and the individual defendants have filed answers to said complaint. The corporate defendant has also filed a timely jury demand and in its answer, in the main, denies the allegations of the complaint. The jury demand was stricken on motion of the plaintiff and the defendant corporation now moves to have that order set aside.

The question of the right to a trial by jury is determined by an adherence to the principle that if the claim is one properly equitable in character there is no right to jury on an issue of damages that is incidental to the equitable relief which the claimant seeks. That rule is generally stated to be that equity having properly acquired jurisdiction of a cause for any purpose should dispose of the entire controversy and its incidents and not remit any part of the claim to a court of law. Greene v. Louisville & Interurban R. Co., 1917, 244 U.S. 499, 520; 37 S.Ct. 673; 61 L.Ed. 1280. In other words, there is no right to a jury trial on an incidental issue of damages even though a jury demand is made.

[2, 3] Thus, where the plaintiff formulates his claim as one for an injunction with damages as an incident thereto, the basic issue would then be equitable and would carry with it the determination of the damages. Essentially, therefore, the basic nature of the issue depends upon the plaintiff's choice of remedy. The issues raised by the complaint and the nature of the relief prayed for must guide a trial court in its determination as to whether or not a trial by jury shall be had.

The situation is very clear where the plaintiff elects to pursue both remedies available to him. Where legal and equitable claims are made in separate counts, it is apparent that a right to trial by jury exists on the legal issues. Bruckman v. Hollzer, 9 Cir., 1946, 152 F.2d 730.

Less apparent is the situation as exists in the instant case where the plaintiff seeks both equitable and legal relief in a single claim. The determination then

becomes whether the basic nature of the suit is equitable or legal.

 The distinguishing feature present in this complaint is the prayer for treble damages as authorized by 15 U.S.C.A. § 1117, which provides that

"* * * In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. * * *"

Whether the section authorizing assessment of the treble damages be penal or remedial in nature does not of itself establish whether the damages to be allowed are punitive, for extra damages may be punitive if the circumstances warrant. It is established, however, that a treble damage claim cannot be maintained as an incident to the equitable claim and a jury may be demanded for a trial of this claim. Although the question of whether or not treble damages are to be awarded is left to the discretion of the court, there exists the right to have a jury pass on the question of the wilfullness of the violation before such an award is made. Decorative Stone Co. v. Building Trades Council, 2 Cir., 1928, 23 F.2d 426; Hennessy v. Wilmerding-Loewe Co., C.C.1900, 103 F. 90.

 The court is of the opinion the damages sought in the present complaint cannot properly be maintained as an incident to the equitable relief demanded. The right to damages as provided by the statute is a distinct and separate remedy from the injunctive relief demanded. These damages are not limited to such damages as a court of equity might award as an incident to equitable relief. The court is empowered to award such damages because of the statute and not by virtue of its general equity powers.

Defendant, having demanded a jury trial within the prescribed time, is entitled to have a trial by jury. An order

has this day been entered sustaining the defendant's motion to vacate the order heretofore entered striking its jury demand.