Samuel J. TEMPERATO, Plaintiff,

v.

Roy C. RAINBOLT, Defendant.

Civ. No. 3887.

United States District Court
E. D. Illinois.

Feb. 14, 1958.

Baker, Kagy & Wagner, East St. Louis, Ill., and Blumenfeld & Abrams, St. Louis, Mo., for plaintiff.

Zeno Middleton, East St. Louis, Ill., for defendant.

JUERGENS, District Judge.

The plaintiff, Samuel J. Temperato, filed a two count complaint against the defendant, Roy C. Rainbolt. In Count I it is alleged that the plaintiff and defendant entered into a contract, the pertinent parts of which are set out in the complaint; that the plaintiff has performed under the contract and the defendant has failed and refused to perform. Wherefore, the plaintiff prays damages for breach of contract. In Count II of the complaint the plaintiff alleges unfair trade practices and prays an injunction restraining and enjoining the defendant from such practices.

The defendant duly filed his motion to dismiss the complaint alleging that it fails to state a cause of action; that the contract is illegal and in restraint of trade; and that this court lacks jurisdiction to try the cause. The court denied the defendant's motion to dismiss. The defendant then filed his answer to the complaint and made demand for jury trial. The plaintiff filed a motion to strike the defendant's answer and to strike the demand for jury trial. It is for the purpose of considering this motion that the cause is presently before the court.

The answer filed by the defendant contains verbose, argumentative, and redundant statements. An examination of the answer further discloses that it

is in gross violation of Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides that a pleading shall be simple, concise, and direct. "The entire pleading should not ordinarily be stricken but only those portions which are objectionable. However, an entire pleading may be stricken where it is all immaterial or redundant or in gross violation of Rule 8." 2 Moore's Federal Practice, Section 12.21, page 2316.

The answer alleges matters which were considered by the court in passing upon defendant's motion to dismiss the complaint.

The answer denies performance of the conditions in a general manner only. Rule 9(c) of the Federal Rules of Civil Procedure provides that the denial of performance and conditions precedent are to be made specifically and with particularity.

The defendant denies that there was any consideration given for the contract. Rule 8(c) of the Federal Rules of Civil Procedure specifically provides that in pleading to a preceding pleading failure of consideration shall be affirmatively pleaded.

The court is of the opinion that in the interest of justice the answer should be stricken and the defendant be granted leave to file an amended answer which conforms to the Federal Rules of Civil Procedure.

The motion to strike demand for jury trial should be allowed in part and denied in part for the following reasons. The question of trial by jury is determined by an adherence to the principle that if it is a claim equitable in nature, there is no right to a jury trial. The rule is generally stated that equity having acquired jurisdiction it will retain such jurisdiction for the purpose of disposing of the entire controversy and will not remit a part to a court of law for the purposes of deciding damages claimed in the equitable pleading. However, where legal and equitable claims are made in separate counts, it is apparent that a right to trial by jury exists on the legal issues. Admiral Corporation v. Admiral Employment Bureau, D.C., 151 F. Supp. 629. It is very clear that here the plaintiff seeks relief on both legal and equitable grounds. In the first count of the complaint the plaintiff alleges a contract and a breach thereof and prays relief for such breach. That this is law matter is beyond dispute. In Count II the plaintiff seeks an injunction and other equitable relief, claiming an infringement of a trade name. The court is of the opinion that this is properly an equitable claim. In accordance with the authorities cited above, Count I should be tried by a jury while Count II, being equitable in nature, is more properly tried by a court. The plaintiff's motion to strike the jury demand will be denied as to Count I and allowed as to Count II.