PACIFIC INDEMNITY COMPANY, a corporation, Plaintiff,

v.

J. E. WYREMBEK, a/k/a Joseph E. Wyrembek, Sr., Defendant.

No. 57–C–187.

United States District Court
E. D. Wisconsin.

April 11, 1960.

Suel O. Arnold and James T. Murray, Milwaukee, Wis. (Arnold, Philipp & Murray, Milwaukee, Wis., of counsel), for plaintiff.

Jack J. Gimbel, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action on a contract of indemnity executed by defendant as indemnitor and plaintiff as surety at Albuquerque, New Mexico, on January 31, 1951. Jurisdiction is based on diversity of citizenship, plaintiff being a California corporation and defendant being a citizen of Wisconsin.

Prefatory recitals of the contract in question reveal that the indemnitor requested Pacific Indemnity Company to execute or continue a certain performance bond or bonds on behalf of A-Key, Inc., as principal, in favor of Congregation Albert covering a certain construction undertaking; that Pacific Indemnity Company is about to execute or continue said bond upon condition of the execution of the indemnity contract; and that the indemnitor has a substantial, material, and beneficial interest in the obtaining or continuation of such bond. In the "Eighth" provision of the contract the indemnitor agrees that the contract is executed for the purpose of procuring the execution or continuance of a bond.

The recital of consideration includes the execution or continuance of said bond. Under the contract the indemnitor agrees to indemnify and save harmless the surety from and against all claims incident to the performance bond in question. Defendant Wyrembek signed the contract, as indemnitor, under seal. The acknowledgment was executed before Elizabeth Quinn, a Notary Public, at Bernalillo County, State of New Mexico. The contract was witnessed by Victor Salazar.

The following facts appear from the depositions read at the trial and testimony there given. On July 14, 1950, A-Key, Inc., a New Mexico corporation, entered into a contract with Congregation Albert for the construction of a building at Albuquerque, New Mexico. Defendant was the President and a stockholder of A-Key, Inc. Plaintiff issued a bid bond to A-Key, Inc., and obtained two financial statements, neither of which were wholly satisfactory. A contract of indemnity, executed by all stockholders of A-Key, Inc., was requested and obtained by plaintiff prior to the issuance of a performance bond on behalf of A-Key, Inc., as principal, in favor of Congregation Albert. Plaintiff issued one other performance bond on behalf of A-Key, Inc., for construction of a residence for a Mr. Johnson.

Plaintiff's superintendent of bond claims, James A. Gittinger, was notified by plaintiff's local agent, Victor Salazar, on January 20, 1951, that A-Key, Inc., had outstanding bills in excess of the retention funds held for completion of the construction under the contract with Congregation Albert. On being informed that A-Key, Inc., believed that it could close out the contract without involving the bonding company, plaintiff refrained from taking over the completion of the construction after the execution of the indemnity contract in question here and for a period of three months thereafter. On May 5, 1951, Congregation Albert notified plaintiff that it had declared A-Key, Inc., in default on the construction contract and requested plaintiff to take over completion. Thereafter, plaintiff carried through all the arrangements for completing the job, paid the bills, and settled all claims.

In respect to the execution of the indemnity contract in question, plaintiff's agent, Victor Salazar, recalled witnessing the instrument. It was his practice not to witness signatures unless he saw the person affix the signature to the document. He stated that the blanks were filled in when the contract was executed, that the notary was present when it was signed, and that the execution took place in his office.

The notary who took the acknowledgment, Elizabeth Quinn, did not recall the specific instrument in question. She could not remember whether the instrument was filled in or was in blank. She stated that she was not familiar with the signature of J. E. Wyrembek and that she would not notarize a person's signature in his absence unless she were familiar with his signature. She was unable to locate her notary log for the time in question.

Defendant by his answer denied the execution of the indemnity contract for a valuable consideration but admitted that he signed various papers in blank described to him as a contract between A-Key, Inc., and Temple Albert and application for bond papers for said contract on July 14, 1950. On the trial, defendant admitted the genuineness of his signature on the contract in issue and testified that he signed the contract in blank at his office in the presence of his office girl whose name he could not recall, believing that the instrument referred to the Johnson residence construction which he undertook the third or fourth week of January, 1951. Defendant also stated that he had been a Commander in the United States Navy Seabees, had bought and sold insurance, was acquainted with bid bonds and indemnity bonds, and had been in the real estate business since 1947.

■ Plaintiff has established a prima facie case. The contract, bearing the admittedly genuine signature of the defendant under seal and acknowledged in accordance with the law of the State of New Mexico, speaks for itself.

■ The testimony of the notary, Elizabeth Quinn, as to the loss of her notary log and her practice of notarizing signatures known to her in the absence of the signer does not suffice to impeach the acknowledgment taken before her.

■ The defenses of failure of consideration and fraud asserted here are

not put in issue by denials in the complaint but must be pleaded affirmatively. Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A.; Temperato v. Rainbolt, D.C.E.D.Ill.1958, 22 F.R.D. 57. Even if evidence were properly before it, the court would find that defendant has not established any failure of consideration. Evidence that plaintiff requested and obtained an indemnity contract from A-Key, Inc., stockholders in July, 1950, and that plaintiff had incurred obligations prior to the execution of the indemnity agreement does not suffice to overcome the showing of the written, sealed, and acknowledged instrument, supported by testimony that plaintiff refrained from taking over the Congregation Albert construction contract under its performance bond agreement on execution of the indemnity contract. See Second Nat. Bank of Parkersburg, W. Va. v. United States Fidelity & Guaranty Co., 4 Cir., 1920, 266 F. 489.

The defense of fraud was not pleaded specifically. Even if defendant had conformed with the requirements of Rule 8(c), he would not have met his burden of proving fraud by his uncorroborated testimony that he believed the indemnity contract referred to another construction undertaking at the time he affixed his signature thereon in blank. The testimony of plaintiff's witnesses contradicts defendant's recollection as to the signing of the indemnity contract. Defendant had several years' experience in real estate transactions, insurance, and bonds. Every person owes a duty to determine the obligations he undertakes by executing a written agreement. See Vargas v. Esquire, 7 Cir., 1948, 166 F.2d 651, at page 654, certiorari denied 335 U.S. 813, 69 S.Ct. 29, 93 L.Ed. 368. In light of the circumstances established as to the execution of this indemnity contract, defendant cannot be heard to deny its validity.

The parties have stipulated as to all items of necessary expense which were incurred by plaintiff in completing the building and requested here as damages.

Counsel for plaintiff is directed to prepare proposed findings of fact, conclusions of law, and order for judgment and judgment in conformity with this decision, submitting the same to counsel for the defendant for approval as to form only.