**SEABOARD SURETY COMPANY,**
**Plaintiff-Appellee,**

v.

**Leon G. HARBISON, General Asbestos & Supply Company, Inc., Robert A. Voigt, also known as R. A. Voigt, Defendants-Appellants.**

**No. 13638.**

United States Court of Appeals
Seventh Circuit.

June 6, 1962.

Rehearing Denied July 23, 1962.

Palmer K. Ward, Indianapolis, Ind., for appellant.

Carl T. Reis, Indianapolis, Ind., Edward B. Raub, Jr., Indianapolis, Ind., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Plaintiff Seaboard Surety Company (appellee), a New York corporation, brought this diversity action in the United States District Court for the Southern District of Indiana. It sued defendants Leon G. Harbison, General Asbestos & Supply Company, Inc., Robert A. Voigt, also known as R. A. Voigt (appellants), all residents of Indiana.

It appears from the complaint that plaintiff executed performance and payment bonds on behalf of Construction Management, Inc. in favor of United States of America covering a contract for the replacement of boilers and conversion of a boiler at a Veterans Administration Hospital in Indianapolis, Indiana. Subsequently, Construction Management, Inc. commenced an arrangement in bankruptcy.

As a result of issuing such bonds and the ensuing bankruptcy, plaintiff was required to pay $11,899.50 in satisfaction of claims against the bankrupt.

Prior to the execution of such bonds, each defendant executed a separate indemnity agreement in favor of plaintiff promising in substance to indemnify plaintiff against any loss it might sustain by reason of the execution of such bonds. Copies of the three indemnity agreements which are identical in form were made exhibits to and a part of the complaint.

The complaint alleged that plaintiff executed such bonds and made such payments in satisfaction of claims against bankrupt in reliance upon such indemnity agreements and that demand for reimbursement was made and defendants refused to pay.

Plaintiff sought recovery of the sum of $11,899.50, with interest and attorneys' fees.

Defendants moved to dismiss the complaint on the ground that it failed to state a claim against them on which relief could be granted. From the briefs filed by both parties addressed to this motion, it appears that paragraph 3 of the indemnity agreements contains a cognovit provision. Defendant urged that such a provision is unlawful under the law of Indiana [1] and as a result the agreements were illegal and void. The district court overruled the motion to dismiss the complaint.

Thereafter, each defendant filed a separate answer to the complaint setting out similar multiple defenses. Plaintiff moved to strike four separate affirmative defenses from each answer. The defenses sought to be stricken may be summarized as (1) failure to state a claim

---

[1] "2-2904. Confession by attorney—Written contracts to pay money.—It shall be unlawful to execute or procure to be executed as part of or in connection with the execution of any negotiable instrument, or other written contract to pay money, and before a cause of action thereon shall have accrued, any contract, agreement, provision or stipulation giving to any person or persons a power of attorney or authority as attorney for the maker or indorser thereof, in his name to appear in any court of record, and waive the service of process in an action to enforce payment of money claimed to be due thereon, or authorizing or purporting to authorize an attorney or agent, howsoever designated, to confess judgment on such instrument for a sum of money to be ascertained in a manner other than by action of the court upon a hearing after notice to the debtor, whether with or without an attorney fee, or authorizing or purporting to authorize any such attorney to release errors and the right of appealing from such judgment, or to consent to the issue of execution on such judgment. Any and all contracts, stipulations and powers of attorney given or entered into before a cause of action on such promise to pay, shall have accrued, shall be void." Ind.Ann.Stat. § 2-2904 (Burns 1946).

on which relief could be granted, (2) illegality of the indemnity agreements, (3) failure of consideration and (4) release by cancellation.

From the briefs filed concerning the motions to strike, it appears that the first two of such defenses were based on the Indiana cognovit provision statute, supra, raised by defendants in their motion to dismiss the complaint.

The trial court, Honorable William E. Steckler presiding, granted the motion to strike these separate defenses, and they were stricken from the answers.

Thereafter, the case was assigned to Honorable S. Hugh Dillin, who conducted a pre-trial conference. In a pre-trial order entered after the conference it appears that defendants admitted the execution of the respective indemnity agreements in the form shown in the complaint. They further admitted the execution of performance and payment bonds by plaintiff but "denied that said Performance Bond was issued in reliance upon the Indemnity Agreements referred to therein." Plaintiff was ordered to furnish proof of the claims and expenses paid as alleged in the complaint.

By their general answers, defendants admitted all other allegations in the complaint, except the charge that such payments were made in reliance on the indemnity agreements and denied that plaintiff was entitled to recover any sum, including interest and attorneys' fees.

By agreement, the case was submitted to trial by Judge Dillin without a jury. Plaintiff made proof sustaining its complaint. Defendants stood mute and did not introduce any evidence. The trial court entered findings of fact and conclusions of law in favor of plaintiff. Judgment was entered for $12,116.31, with interest, $1000 attorneys' fees and costs. Defendants appealed.

The sole contested issue raised on this appeal is whether the trial court erred in striking the above described affirmative defenses of defendants from their respective answers.

We first look to the provisions of Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A., which reads:

> "Rule 8. General Rules
> of Pleading.
> * * *
>
> "(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * failure of consideration, * * * illegality, * * * release * * * and any other matter constituting an avoidance or affirmative defense. * * * *"

It is quite clear from the rule itself that a party shall affirmatively set forth the defenses of "failure of consideration," "illegality" and "release." The language of the rule is clear and unambiguous. In many decisions the courts have so construed the rule. See, e. g., Jack Mann Chevrolet Co. v. Associates Inv. Co., 6 Cir., 125 F.2d 778, 784 (1942) and Garrison v. Baltimore & Ohio Railroad Company, D.C.W.D.Pa., 20 F.R.D. 190, 195 (1957), with respect to release; and Pacific Indemnity Co. v. Wyrembek, D.C.E.D.Wis., 183 F.Supp. 252, 254–255 (1960) and Temperato v. Rainbolt, D.C.E.D.Ill., 22 F.R.D. 57, 59 (1958), with respect to failure of consideration. Such defenses are not put in issue by denials to the complaint.

We find no authority for plaintiff's contention that defendants waived error by failing to offer evidence in support of such affirmative defenses at the trial. The trial court foreclosed that opportunity in striking these defenses. Plaintiff's reliance on Mims v. Central Mfrs. Mut. Ins. Co., 5 Cir., 178 F.2d 56, 59 (1949) is misplaced. In Mims, the trial court *denied* a similar motion to strike an affirmative defense and, at the trial, the moving party failed to renew its objections to evidence and failed to request protective rulings and instructions. We have the opposite situation here.

**I**

As we have pointed out, the two defenses predicated on the Indiana cog-

novit statute were stricken. This was not error. Such defenses raised a question of law. The trial court correctly decided it in denying defendants' motion to dismiss the complaint.

This question was determined adversely to defendants' contention by the Appellate Court of Indiana in Simpson v. Fuller, 114 Ind.App. 583, 587–588, 51 N.E.2d 870, 872 (1943). In that case plaintiff sought to recover under a conditional sale contract containing a cognovit clause as defined by the Indiana statute. The Appellate Court held that under such statute "instruments containing cognovit provisions are not declared void by express terms." It further held that the statute merely made void the provisions in the contract giving power of attorney with authority to confess judgment without notice. There was no legislative intent to invalidate the other legal provisions in the contract when separable from such an illegal cognovit clause. This holding has never been disturbed.[2] We are bound by it as a declaration of the substantive law of Indiana.

In Simpson v. Fuller, as in the case at bar, the agreement under scrutiny was valid, except for the cognovit provision. There was no attempt in either case to act under the cognovit covenant. The invalidation of the cognovit clause in the indemnifying agreements before us will in no wise affect other provisions therein.

We hold that under the circumstances of this case the trial court did not err in striking the special defenses of "illegality."

In so holding, we do not reach plaintiff's contention that there could have been no error because the issue had already been disposed of in passing on defendants' motion to dismiss the complaint. See Meyer v. United States, Ct. Cl., 159 F.Supp. 333, 336, 141 Ct.Cl. 537, (1958); Lopez v. Resort Airlines, D.C. S.D.N.Y., 18 F.R.D. 37, 40 (1955).

## II

Striking the affirmative defense of failure of consideration[3] presents a different question.

■ Plaintiff contends that defendants have in effect waived this defense by admissions of certain allegations of the complaint. We do not agree. Defendants admitted the execution of the indemnity agreements in the form pleaded by plaintiff. The agreements on their face recite an adequate and valuable consideration. However, the bare admission of execution does not concede that the written provisions are true. Defendants simply admitted they signed the instruments. As previously noted, they expressly denied "that said Performance Bond was issued in reliance upon the Indemnity Agreements referred to therein," and that plaintiff's payments were made in reliance thereon.

■ Plaintiff further argues that defendants waived this defense by failure to offer evidence in proof of the matters denied. We find no authority supporting this contention. It would seem to be elementary that a party is expressly precluded from introducing evidence in support of a stricken affirmative defense.

"Generally whatever would suffice as a consideration for any other kind of contract is sufficient on which to base a contract of indemnity." 42 C.J.S. Indemnity § 6 (1944). "As in the case of contracts generally, a contract of indemnity, whether in writing or not, may be void for want of consideration." 27 Am.Jur., Indemnity, § 7 (1940). Substantive law of Indiana has long ago

2. See W. H. Barber Co. v. Hughes, 223 Ind. 570, 63 N.E.2d 417 (1945) for a detailed discussion of various provisions of the Indiana cognovit statute and related cases.

3. This paragraph of defense reads: "The purported indemnity agreement herein was executed without any consideration whatsoever to this defendant." This appears to plead the defense of "want of consideration" however the parties have characterized this as the defense of "failure of consideration" in the language of Rule 8(c), supra. For the purposes of this opinion we shall adopt their terminology.

recognized that "want of consideration" and "failure of consideration" are valid defenses to contracts in general. See cases cited in 8 West's Ind.Dig., Contracts ☞340–341 (1953).

We are governed by federal law in matters of pleading. It is interesting to note, however, that Indiana finds itself in agreement with Rule 8(c), supra. Indiana requires that "All defenses except the mere denial of the facts alleged by the plaintiff shall be pleaded specially." Ind.Ann.Stat. § 2–1024 (Burns 1946). The Rules of Procedure and Practice in Trial Courts adopted by the Supreme Court of Indiana provide in substance that affirmative averments in any answer shall be stated in separate paragraphs (Rule 1–2) and new matter in an answer shall be confined to an affirmative paragraph of answer (Rule 1–3). Ind.Ann.Stat. Vol. 2, Part 1, pages 3–4 (Burns 1946).

■ This affirmative defense casts upon plaintiff the burden of making a *prima facie* case on the element of consideration. The agreement itself is sufficient to satisfy this burden. Defendants must then come forward and sustain their burden of proving this asserted defense. This they could not do in the instant case, for such defense had been stricken.

We hold that the trial court erred in striking this affirmative defense.

### III

■ The so-called affirmative defense of "release" stricken by the trial court reads: "The agents and employees of the plaintiff herein had advised the officers of the defendant that said indemnity agreement was not in force and effect and had been cancelled by the plaintiff."

While it might be inferred that defendants were intending to plead "release by cancellation," we read it as merely an abstract statement of fact. Even measured by the liberal standards governing federal rules of pleading, we do not believe this bare statement asserts a defense.

We hold that the trial court did not err in striking this affirmative defense.

However, in view of our disposition of this case on the question of consideration, this holding is without prejudice to defendants' right to amend its defense of "release" to properly plead such a defense.

In view of the foregoing, it is ordered that the judgment appealed from be vacated and this cause be remanded to the district court for a new trial not inconsistent with this opinion.

Judgment vacated and remanded.