**DAVIES et al. v. ALLIED INDUSTRIAL PRODUCTS, Inc.**

No. 50 C 1583.

United States District Court
N. D. Illinois, E. D.

July 2, 1951.

Wilfred S. Stone, Chicago, Ill., for plaintiffs.

James F. Duffy, Chicago, Ill., for defendant.

LA BUY, District Judge.

Complaint herein alleges plaintiff to be the owner by assignment of certain letters patent together with rights thereunder to sue and recover damages and profits resulting from past and future infringements; that defendant will continue to infringe unless enjoined by this court; wherefore, plaintiff demands a preliminary and final injunction against further infringement, an accounting for profits and damages, an assessment of costs against the defendant and allowance of attorney's fees. Defendant has filed answer denying infringement and alleging said letters patent to be invalid. Plaintiff has filed a jury demand on the issue of validity and infringement and defendant has moved to strike said jury demand on the ground that said action is an equitable claim and plaintiff is not entitled to a jury trial as a matter of right.

■ As was stated in Bellavance v. Plastic-Craft Novelty Co., D.C.Mass.1939, 30 F.Supp. 37, 38:

"The remedies open to one for the infringement of a patent are wholly statutory. The statutes afford two remedies—first, an action on the case to recover damages for infringement, * * * 35 U.S.C.A. §

67. Such an action, of course, is one at law and would entitle the parties to a jury trial. The other remedy is by proceeding under R.S. § 4921, 35 U.S.C.A. § 70, which gives the court 'power to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent * * *.'

"In proceedings under this latter statute the complainant may ask for damages already sustained, as well as for injunctive relief. Clearly, it is under this * * * statute [providing equitable relief] that the plaintiff has proceeded. It has long been settled law that where suit is brought under the statute providing equitable relief, the fact that the plaintiff also seeks damages for past infringement will not entitle the plaintiff to a jury trial on the issue of damages. Barton v. Barbour, 104 U.S. 126, 133, 26 L.Ed. 672.

■ Reading the complaint with the above principles in mind, the court is of the opinion the plaintiff has formed his complaint seeking relief under the equitable proceeding provided by the statute. While the allegations concerning the assignment allege also assignment of the right to sue and recover for damages, the relief he requests is injunctive and consequently there inures to him no right to trial by jury pursuant to the Seventh Amendment of the Constitution. For these reasons, the defendant's motion to strike the jury demand is sustained.