**KIMBERLY–CLARK CORPORATION**

v.

**KLEENIZE CHEMICAL CORPORATION et al.**

Civ. A. No. 7481.

United States District Court
N. D. Georgia,
Atlanta Division.

May 23, 1961.

Haas, Holland & Zinkow, Atlanta, Ga., Paul J. Glaister, Florence E. Miller, Neenah, Wis., Gerrit P. Groen, Dean A. Olds, Byron, Hume, Groen & Clement, Chicago, Ill., for plaintiff.

Patrick F. Henry, Atlanta, Ga., for defendant.

SLOAN, District Judge.

Plaintiff alleges in Count One of the complaint in the above stated case that since on or before June, 1924, it has been and continues to be engaged in the manufacture, sale and distribution of a wide variety of household items, including paper tissue suitable for hygienic, cosmetic or cleaning purposes under the trademark "Kleenex" and that it is the owner of numerous trademark registrations for such trade name which are in full force and effect; that its goods bearing the trademark "Kleenex" have been extensively offered to the public through various channels of trade since it first adopted such trademark and have been widely advertised and sold throughout the United States and many foreign countries and that plaintiff has built up an extensive international good will by reason thereof and that the public has come to recognize such trademark as signifying plaintiff and its goods.

Plaintiff alleges that notwithstanding its well known and established right to the use of the trademark "Kleenex" defendants have been and are using the word "Kleenize" as a trademark and also as a part of a trade name in interstate

commerce in connection with the advertisement and sale of a variety of household products including detergent and disinfectant and that defendants' use of the word "Kleenize" as a trademark and as a part of their trade name in the advertisement and sale of such products "identifies the products manufactured or sold by defendants as originating from plaintiff, all to plaintiff's damage"; that the use by defendants of the trademark and trade name "Kleenize" being substantially identical to plaintiff's trademark Kleenex, is likely to cause confusion in the minds of the purchasing public as to the source, origin or relationship of the respective products sold by plaintiff and defendants, all to plaintiff's damage.

Plaintiff alleges, upon information and belief, that the individual defendants, "have conspired together for the willful purpose of infringing plaintiff's valuable rights for defendants' gain"; that said individual defendants manage, direct and control all policies and actions of the corporate defendant, and personally threaten to continue said unlawful actions unless restrained by this Court, and that defendants' use in commerce of the trademark "Kleenize" is in violation of Title 15 U.S.C.A. §§ 1051–1127.

In Count Two plaintiff charges Federal Unfair Competition in violation of 15 U.S.C.A. § 1125(a) and in Count Three Common Law Unfair Competition. Count Four charges defendants with dilution of plaintiff's trademark.

Plaintiff prays for injunction, accounting, damages, etc.

On February 14, 1961, the defendants filed their answer to the complaint and a counterclaim in which the corporate defendant seeks to recover damages from plaintiff "on account of the unfair competition resulting from the harassment of defendant in its legitimate use of its trademark" and in which the individual defendants also seek to recover damages by reason of the humiliation and embarrassment and damage to their reputations and standing in the community caused by the actions of plaintiff. Defendants demand a jury trial.

Plaintiff has filed a motion to strike the demand for jury trial upon the grounds:

That the action is of a type historically recognizable by a court of equity and "all of the relief sought is of a kind historically granted by a court of equity" and as such is not the type of action for which trial by jury is preserved by the Seventh Amendment to the Constitution of the United States, nor is "trial by jury in this action granted by any statute of the United States" nor is an action to which trial by jury is afforded by Rule 38 of the Federal Rules of Civil Procedure, 28 U.S. C.A., and plaintiff prays that the demand for jury trial be stricken and that the case be placed upon the nonjury calendar.

On March 29, 1961, (after the filing of defendants' counterclaim on February 14, 1961) plaintiff filed a motion to "enlarge upon and extend the time of filing motion, answer and other responsive pleadings to the counterclaim of defendants."

On April 10, 1961, plaintiff filed an answer to "defendants' alleged 'Answer and Counterclaim' " along with a motion for more definite statement as to "defendants' alleged counterclaim or further defense" and a motion to strike "certain matter" contained in such "Counterclaim" or "Further Defenses."

In its motion for more definite statement, plaintiff alleges that the allegations contained in paragraphs I to XV of defendants' "Further Defenses" are so vague and ambiguous that it cannot reasonably be expected or should not be required to frame any responsive pleading; that plaintiff is unable to determine if a responsive pleading is required since the allegations in paragraphs I through XV "appear to be purely affirmative defenses" etc. Plaintiff prays that "because of the reasons stated it cannot reasonably be expected or should it be required to frame a responsive pleading to defendants' alleged Counterclaim, that defendants be required to make a more definite statement and to denote and denominate clearly those matters which

are purely affirmative defenses and those matters which are purely counter-claim."

Plaintiff has also filed a motion to strike "certain matter" contained in defendants' "Answer and Counter-claim" as follows:

"1. To strike the allegations of paragraphs I through XV as being in violation of Rules 8(a) and 8(e)(1) of the Federal Rules of Civil Procedure which require that a pleading shall contain a short and plain statement of the claim and that each averment shall be simple, concise and direct.

"2. To strike the allegations of paragraphs I through XV because same contain irrelevant, immaterial and evidentiary matter in violation of the general rules of pleading set forth in Rules 8(a) and 8(e)(1).

"3. To strike from paragraph IV all allegations alleging that the instant action was brought by plaintiff to harass, coerce and use its economic force to pressure the defendants into failure, plaintiff contending that such allegations are irrelevant, immaterial, impertinent and scandalous.

"4. To strike all of the allegations of paragraph V wherein 'improper practices' of plaintiff are alleged, and especially the allegation 'That upon maintenance of the aforesaid proceeding and the failure to cause defendants herein to capitulate in said action, and to accede to the overpowering litigious efforts by the huge Plaintiff corporation, the plaintiff then brought the present Action as a part of its preconceived plan to litigate and to force defendants in this case into capitulation as a result of the over-powering litigious efforts of plaintiff' on the ground that such allegations are untrue, without any merit, and are irrelevant, immaterial, impertinent and scandalous.

"5. To strike the allegations in paragraph XI ' * * * and the plaintiff having failed in its efforts to harass the defendants in this action into capitulation * * *' as being redundant, irrelevant, immaterial, impertinent and scandalous.

"6. To strike all of the allegations of paragraphs VIII, XI, XIII, XIV and XV as being clearly irrelevant, immaterial, impertinent and scandalous.

"7. To strike from defendants' responsive pleading as set forth in paragraphs I through XV all of the paragraphs thereof except paragraphs I, II, IX, X, and XII because the same are in violation of the rules of pleading prescribed by the Federal Rules of Civil Procedure."

All of the above stated motions are now properly before the Court for determination under Local Rule 15.

The plaintiff's motion to strike the defendants' demand for jury trial is sustained insofar as the issues raised by the plaintiff's complaint are concerned.

The 7th Amendment to the Constitution of the United States provides:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. * * *"

Rule 38(a) of the Federal Rules of Civil Procedure provides that:

"The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

Action for injunctions are equitable in nature, unknown to the common law. National Labor Relations Board v. Jones & Laughlin, 1937, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893; Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 88 L.Ed. 754.

The general rule that the right of trial by jury does not extend to equity cases has long been settled. Barton v. Barbour, 104 U.S. 126, 133, 134, 26 L.Ed. 672; Guthrie National Bank v. Guthrie, 173 U.S. 528, 19 S.Ct. 513, 43 L.Ed. 796; Barron & Holtzoff, Federal Practice & Procedure, Rules Ed., Vol. 2, § 875.

The courts have uniformly held that while the Federal Rules of Civil Procedure have merged claims and defenses formerly cognizable either at law or equity into a single form of action, "the Rules have neither enlarged nor diminished the right to either a jury or court trial * * *." Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 137 F.2d 62, 65, 75, certiorari denied 320 U.S. 777, 64 S.Ct. 92, 88 L.Ed. 467.

The determination, under the Federal Rules, as to whether a party is entitled to a jury trial as of right rests upon whether the equitable or legal jurisdiction of the court is invoked.

Though a legal counterclaim is interposed in an equitable action, there is no waiver of a jury trial. Black v. Boyd, 6 Cir., 248 F.2d 156(12).

The plaintiff's motion for a more definite statement as to defendants' alleged counterclaim has been considered.

The purpose of the more definite statement is to enable the respondent to formulate defensive pleadings and where the defensive pleadings have already been filed, as they have in this case, the motion for a more definite statement will be and is hereby overruled and denied.

The defendants in stating their counterclaim have made no effort to comply with the requirements of the Federal Rules of Civil Procedure which require a short and plain statement of the claim showing that the pleader is entitled to relief. Much of plaintiff's objections and motion to strike portions of the counterclaim are well taken and the objectionable matter should be deleted therefrom.

The defendants are directed to redraft their counterclaim and in so doing to observe the requirements of the Federal Rules of Civil Procedure with respect thereto.

In view of the direction here given, it is not necessary for the Court to pass upon the separate motions to strike various portions of the counterclaim.