**HOLIDAY INNS OF AMERICA, INC.,**
**Plaintiff,**

v.

**Serge G. LUSSI and Caroline Lussi, d/b/a**
**Holiday Motel, Holiday Inn Motel and**
**Holiday Motor Inn Motel, Defendants.**

**Nos. 66 Civ. 168, 66 Civ. 336.**

United States District Court
N. D. New York.

March 8, 1967.

---

28

Kane, Dalsimer, Kane & Smith, Albany, N. Y., for plaintiff. Mason, Fenwick & Lawrence, Washington, D. C., of counsel.

Herzog, Nichols, O'Brien & Leahy, Albany, N. Y., for defendants. Arthur W. Bedell, Albany, N. Y., Samuel Hoar, Jr., Goodwin, Procter & Hoar, Boston, Mass., of counsel.

JAMES T. FOLEY, District Judge.

Memorandum-Decision and Order

The preliminary legal jousting in these two separate actions filed months apart

has been intense. A panoply of motions returnable on the same day was offered, six in number, one by the plaintiff and five by the defendants. At the oral argument on the return day certain dispositions and decisions were made from the Bench, the most important to consolidate the applications by both sides for preliminary injunction, and to defer their decision to the time of trial on the merits. (F.R.Civ.Proc. 65(a) (2)). It was then agreed there would be a filing of two new motions that would cover by different approach the relief sought in several of the others. That has been done, and only two are now presented for consideration and decision. The plaintiff moves to strike in each of the cases defendants' timely demand for trial by jury. The defendant moves to consolidate the actions, assumedly before the jury it demands, pursuant to the provisions of F.R. Civ.Proc. 42(a). Surprisingly, these procedural questions as to the method and order of trial, singly or together, are ones of consequence and not without complexity to unravel and determine.

The first action, 66–CV–168, was filed by the nationally known chain of Inns May 5, 1966. Briefly, the claims therein are the defendants are infringing the plaintiff's registered trademark and prays for injunction against the use by defendants of the names: Holiday Motel, Holiday Inn Motel and Holiday Motor Inn Motel. Recovery in money damages is sought for the amount of defendants' profits derived from a sale of motel and restaurant services allegedly under this improper use of plaintiff's trademark and name, and for compensatory damages suffered by reason of the charged acts of infringement and unfair competition. In view of the wilful acts of defendants as claimed in that respect, pursuant to the trademark statute, punitive damages are sought. The defendants deny plaintiff is entitled to the relief sought by asser-

tion that they and their predecessors used the name Holiday in the geographical areas surrounding Wilmington, N. Y., in its relatively small motel operation in the Fall of 1951, prior to registration of plaintiff's trademark. Thereby, defendants then counterclaim with charges similar to plaintiff's of unfair competition, and similarly seek injunction, profits, compensatory and punitive damages on their part.

The second action, 66–CV–336, was filed on September 16, 1966, and therein the claim is the defendants entered into an agreement with Plaintiff on or about June 25, 1965, whereby they agreed to cease all use of the name Holiday Inn and the use of the word Inn in any combination with Holiday. The claim asserts further the defendants specifically agreed to adopt th name "The Holiday" for their Motel. The plaintiff in this action claims breach of the agreement and seeks its specific performance by the defendants, with perpetual injunction against defendants from the use of the names "Holiday Inn" and "Holiday Motor Inn". No money damages are sought expressly in this claim. The defense answer by the first defense in effect denies the existence of a binding legal agreement, but in four stated affirmative defenses, following the allowable inconsistency of federal pleading, sets forth unenforceability by reason of lack of consideration, Statute of Frauds, vagueness and failure of plaintiff to perform their promises under the agreement, if such did exist.

There is no difficulty in this second action for specific performance to decide the issues raised therein are purely equitable, and the timely demand for jury trial in this action must fall. In defendants' brief, on page 6, it is expressly stated that defendants realize they do not have the right to jury trial on the issues of the specific performance action 66–CV–336. The rub comes, of course, with the interrelation of this suit

to the other for trademark infringement where the jury trial right is close and substantial, and if the motion for consolidation were granted would bring about result where this non-jury case would be tried with the jury one. It should be noted, and it seems to be the usual practice, that if the attorneys agreed to try each suit to the Court, one after the other, during the same period of time, this dilemma would not be present and the efficiency of judicial administration would be promoted. However, the strategic considerations are plain to me, and the attorneys on both sides have the right to so indulge and follow the strategy they think best to further the cause of their clients, despite the dilemma created for the Court.

■■■ It is clear, practically by consent, that the motion of the plaintiff must be granted to strike the demand for jury trial in the second action, 66–CV–336, for specific performance. Likewise, the basic nature of this action is readily apparent as completely different from the trademark action. In my judgment this action is not one with common questions of law and fact that would permit consolidation with the trademark action. Therefore, the motion for consolidation of the separate actions by the defendants is denied and dismissed.

Frankly, my experience with the important rulings of the Supreme Court in Beacon Theatres v. Westover, (1959), 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, and Dairy Queen v. Wood, (1962), 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44, was merely that of general reading until the precise problem regarding jury trial in this trademark infringement action was herein presented. I must admit my first impression in the court presentation was that in a trademark infringement case the issues are basically equitable and unquestionably are to be tried to the Court. I think this would be the impression of many and would persist, because it seems traditional in most trademark cases—and that has been my experience—jury trials are not demanded and the attorneys usually want issues of this kind tried to a Judge alone. There is elaborate and thorough briefing by the plaintiff in its Reply Memorandum which I shall file and incorporate herein by reference on the law to support its contention this historic tradition of trial by the Court in trademark cases should remain unchanged.

However, my reading and interpretation of Dairy Queen brings revolutionary change, I think, to the concepts of the past, and more important, changes my viewpoint for the purposes of the serious decision to be made here in that regard. As in many of the Supreme Court writings, sentences may be isolated to draw inferences not necessarily intended or put forth as controlling for the conclusion made. Much is left unsaid that leaves uncertain and arguable whether the ruling specifically covered a trademark infringement suit for money damages as here, and in that form subject to demand for jury trial. This problem is created because the theory of the complaint was ambiguous as to type of claim set forth, and the Supreme Court, in the majority opinion, declared it unnecessary to resolve the ambiguity.

However, from my reading I find solid support for jury trial approval, if requested, in the sentence of Justice Black in Dairy Queen, at page 477, 82 S.Ct. at page 899, wherein he says: "[A]s an action for damages based upon a charge of trademark infringement, it would be no less subject to cognizance by a court of law." Then later, at page 479, 82 S.Ct. at page 900, that a jury under proper instructions could readily determine the recovery if the theory of the complaint involved is settled to be that of trademark infringement, Justice Harlan, concurring, and joined by Justice Douglas, minces no words and leaves no uncertainty for me with the statement that a jury, under proper instructions from the

Court, could readily calculate the damages flowing from the alleged trademark infringement, just as courts of law often do in copyright and patent cases. (pgs. 480–481, 82 S.Ct. pg. 901). A good review of the right to jury trial with particular reference to Dairy Queen is found in Wright on Federal Courts, Section 92. The comment there is Dairy Queen strengthens the impression the Supreme Court, by these recent rulings, does intend to require a substantial expansion of jury trial in areas where heretofore a jury had been thought unnecessary.

One District Court which had struck a jury demand before the Dairy Queen decision stuck to its guns upon reapplication and again denied the right for jury trial in a trademark infringement and unfair competition suit. (Kimberly-Clark v. Kleenize Chemical Corp. (D.C. Ga.1962), 194 F.Supp. 876). Contra is Railex Corporation v. Joseph Guss & Sons (1966, D.C.D.C.), 40 F.R.D. 119, with the statement properly described, I think, by plaintiff as dicta that patent and trademark infringements are torts or private wrongs to which there is constitutional right to jury trial. Another interesting case pre-Dairy Queen is Admiral Corporation v. Admiral Employment Bureau, Inc., (1957), (N.D.Ill. E.D.), 151 F.Supp. 629, wherein it was held that in a trademark infringement claim seeking injunctive relief and money damages, the money damage claim, particularly for punitive damages under 15 U.S.C.A. § 1117, where wilfulness is an issue, is a separate claim at law eligible for jury trial demand and cannot be considered incidental to the equitable relief sought. (See also Temperato v. Rainbolt, (1958), (E.D.Ill.), 22 F.R.D. 57).

The plaintiff unquestionably in its briefing raises strong points which make the determination on the jury trial right close and troublesome. There is wording throughout the pertinent sections of the Trademark Act of 1946 (Lanham Act), 15 U.S.C. §§ 1116, 1117, whereby power to enjoin and to recover profits, damages and costs is conferred and shall be exercised, according to and subject to principles of equity. In the assessment of profits and damages in Section 1117, the single words "the Court" are used throughout. However, despite the strength of this contention, I must remind that these statutory descriptions were in effect and have to be considered as appreciated by and known by the Supreme Court even if not referred to in the Dairy Queen ruling. It is true also, as plaintiff earnestly argues, that Katchen v. Landy, 382 U.S. 323, pgs. 402–403, 86 S.Ct. 467, 15 L.Ed.2d 391, must be given serious consideration. In that writing Dairy Queen and Beacon Theatres were distinguished as cases where there was not involved a specific statutory scheme, contemplating the prompt trial of a disputed claim without the intervention of a jury. I think this stated distinction in itself is enough to separate the Trademark provisions above from the summary procedure methods so vital and peculiar to the administration of the Bankruptcy Act that were relied upon for denial of jury trial. The summary scheme of the Bankruptcy Act does not seem to be comparable, in my judgment, to the general trademark provisions as they are stated and practically used.

There is not enough time to delve as deeply into this interesting problem as I would like. Fundamentally, I believe under significant Supreme Court indicia jury trial is at least proper, and must be encouraged and granted as a matter of right on the money damage claims. I know from experience there is little difficulty for a trial judge to handle intertwined equitable and legal issues, at least in the frame of their factual dispute, under the Special Verdict Rule 49 (a) F.R.Civ.Proc. It would seem that if a jury can master patent and antitrust issues, trademark cases would be conquerable for satisfactory result.

The motion to strike the jury demand in the trademark suit is denied

without prejudice to renewal. This privilege to review is granted inasmuch as definite ruling from an authoritative source, contrary to my decision in this respect, might be forthcoming at any time before the trial of the trademark action. The separate cases are to be tried in this order: Action 66–CV–336, the specific performance action, is set down for trial as a court case before United States District Judge Edward C. McLean, of the Southern District of New York, to commence on Monday, May 1, 1967, at 2:00 P.M., in the main courtroom, Federal Post Office Building, Albany, N. Y. Action 66–CV–168 is to be noticed as a jury case, if the defendants maintain the present position of jury demand, for the May term of this Court, opening in Albany on Tuesday, May 9, 1967. I am conscious that as remarked in Beacon Theatres and reiterated in Dairy Queen, it is only under the most imperative circumstances that the right of jury trial should be allowed to be lost through prior determination of equitable claims. However, this seems to be the unusual type situation for exception. Common sense dictates that if the alleged agreement that in effect would settle this whole dispute between the parties is upheld, there would be no need for the trial of the trademark infringement and unfair competition claims. (See Katchen v. Landy, supra, pgs. 339–340, 86 S.Ct. 467). Further, the attorneys in the actions are hereby directed to appear before me at my chambers in Albany, for a pretrial conference in both actions pursuant to the provisions of Rule 16 F.R.Civ.Proc., prepared to discuss and stipulate in accord with the items of the Rule, specific and general, on Tuesday, March 28, 1967, commencing at 10:00 A.M. To summarize, the motion of plaintiff is granted to strike the jury demand in Action 66–CV–336, and denied in Action 66–CV–168. The motion of the defendants to consolidate the specific actions for trial is denied.

It is So Ordered.