The **COCA-COLA COMPANY**, Plaintiff,

v.

**Jack CAHILL, an individual, d/b/a Dairy Maid and/or Cahill's Dairy Maid, Defendants.**

**Civ. No. 71–269.**

United States District Court,
W. D. Oklahoma, C. D.

Aug. 3, 1971.

John W. Swinford, Julius R. Lunsford, Jr., Oklahoma City, Okl. and Fred G. Stowers, Atlanta, Ga., for plaintiff.

John B. Ogden, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Plaintiff seeks injunctive relief and an equitable accounting against the Defendants. Injunctive relief is sought for an alleged infringement of Plaintiff's registered trademarks "Coca-Cola" and "Coke" and unfair competition by selling customers another product when Plaintiff's product is specifically called for. The equitable accounting is based on the alleged infringement and unfair competition.

Defendants have demanded a jury trial citing Dairy Queen v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). Plaintiff moved to strike the Demand for a Jury Trial which Motion was granted by another Judge of this Court to whom the case was earlier assigned. The Defendants have moved the Court to reconsider their demand for a jury trial which Motion is now under consideration by the undersigned Judge to whom the case is presently assigned. Both parties have briefed the question of a jury trial herein. Upon consideration of the matter the Court denies Defendants' Motion to Reconsider Demand for Jury Trial and concurs in and reaffirms the earlier action herein in which Defendants' Demand for Jury Trial was denied.

Plaintiff's suit for injunctive relief and an equitable accounting relating to trademark infringement and unfair competition is historically equitable in nature. 52 Am.Jur., Trademarks, etc. § 142 at p. 618;[1] 87 C.J.S. Trade-marks, etc. § 189 at p. 528;[2] Kimberly-Clark Corp. v. Kleenize Chemical Corp., 194 F. Supp. 876 (N.D. Ga.1961); Upjohn Co. v.

Schwartz, 117 F.Supp. 292 (S.D.N.Y. 1953).

The Dairy Queen case, supra, recites that the controversy involved therein was essentially between two parties for damages for breach of a contract entered into between them even though the subject matter of the contract involved the licensing of a trademark. The Court said the complaint presented a legal claim, a claim for a money judgment, an action on debt and was triable by a jury and the fact that such a claim or action was based on trademark infringement did not change the legal nature of the claim for damages for breach of contract. But here, Plaintiff and Defendants had no contractual relationship. Plaintiff's claim is not for damages for breach of a contract entered into between them. Rather, Plaintiff's claim is for injunctive relief and an equitable accounting, both historically suits in equity.

In Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), an opinion since Dairy Queen, the United States Supreme Court said:

"But those who use this argument lose sight of the fundamental principle that the right of trial by jury, considered as an absolute right, does not extend to cases of equity jurisdiction. If it be conceded or clearly shown that a case belongs to this class, the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity."

This case also said:

"And we have held that equity courts have power to decree complete relief

[1] "§ 142. Injunction.—The availability of injunction to prevent trademark infringement and unfair competition, where the usual requisites of the remedy are present, is well established." (Numerous cases cited thereunder).

[2] "§ 189.—Remedy in Equity
Equity has jurisdiction in a proper case, usually by injunction, to protect one from infringement of a trademark or trade-name or from unfair competition.

Equity has jurisdiction in a proper case to protect one from infringement of a trade-mark or trade-name and has jurisdiction in a proper case to protect from unfair competition usually by injunction against a continuance of the wrong, and an accounting and recovery of damages and profits by reason of the past infringement, as discussed infra §§ 214–216, and such jurisdiction is liberally exercised." (Numerous cases cited thereunder).

and for that purpose may accord what would otherwise be legal remedies."

As Plaintiff's Complaint is clearly and historically a suit in equity and is not an action for damages for breach of contract as in *Dairy Queen, supra*, the Defendants are not entitled to the right of trial by jury and their Motion to Reconsider Demand for Jury Trial should be denied.