George O. Benton, Jackson, Tenn., Julius R. Lunsford, Jr., and Fred G. Stowers, Atlanta, Ga., for plaintiff.

Franklin Murchison, Jackson, Tenn., Sam C. Nailling, Union City, Tenn., for defendants.

**The COCA–COLA COMPANY, a Corporation, Plaintiff,**

v.

**Raymond E. and Edna (Mrs. Raymond E. WRIGHT), individually and as Co-Partners, d/b/a K–N Root Beer Drive-In, Defendants.**

**Civ. A. No. 2079.**

United States District Court,
W. D. Tennessee, E. D.

Nov. 8, 1971.

### ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE JURY DEMAND

WELLFORD, District Judge.

In this cause plaintiff, The Coca-Cola Company, seeks injunctive relief and incidental awards of profits, attorney's fees and costs against defendants, Raymond E. and Edna Wright, individually and d/b/a K–N Root Beer Drive-In. Plaintiff alleges infringement of its registered trademarks "Coca-Cola" and "Coke" and unfair competition by defendants' selling customers another product when plaintiff's product is specifically ordered. Defendants have demanded a jury trial and plaintiff now moves this Court for an Order striking defendant's demand on the basis of Rule 39(a) Federal Rules of Civil Procedure which reads in part as follows:

"The trial of all issues so demanded shall be by jury, unless . . . (2)

the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States."

The question, then, in this action is whether under the Seventh Amendment to the Constitution of the United States and Federal Rules of Civil Procedure, 38(a) and 39(a), the defendants have a right to a trial by jury in this case, having made a timely demand therefor.

"The substantive distinctions between legal and equitable rights and remedies are still applicable in the Federal Courts, particularly with regard to the constitutional right to trial by jury 'in suits at common law' declared by the Seventh Amendment." Railex Corp. v. Joseph Guss & Sons, Inc., 40 F.R.D. 119, 123 (D.C.D.C., 1966); Black v. Boyd, 248 F.2d 156 (6th Cir., 1957).

■ Whether the Seventh Amendment to the Constitution entitles a party to a jury trial "depends on the nature of the issue to be tried rather than the character of the overall action". Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970); Farmers Chemical Assn. v. Union Camp Corp., 312 F.Supp. 214, 215 (D.C.N.C., 1970).

■ Plaintiff's suit for injunctive relief relating to trademark infringement and unfair competition is historically equitable in nature. 52 Am.Jur. Trademarks § 142 at p. 618; 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 189 at p. 528; Kimberly-Clark Corp. v. Kleenize Corp., 194 F.Supp. 876 (D.C.Ga., 1961); Davies v. Allied Industrial Prods., Inc., 100 F.Supp. 109 (D.C.Ill., 1951); 5 Moore's Federal Practice ¶ 38.26 at p. 207. It has been the traditional rule that "if the essential or major part of a cause is exclusively of equitable cognizance, the right to trial by jury does not obtain, even though certain elements of an action at law may be incidentally involved". 50

C.J.S. Juries § 25; Coca-Cola Co. v. Cahill, 330 F.Supp. 354 (D.C.Okl., 1971); Reliable Machine Works v. Unger, 144 F.Supp. 726 (D.C.N.Y., 1956).

In Dairy Queen, Inc., v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), the Supreme Court was confronted with an action for damages for breach of a contract which involved the licensing of a trademark. The Court, holding that the issue of damages was a legal one and triable by jury, stated that the constitutional right to a jury trial of a legal issue cannot be lost by the characterization of the legal issue as incidental to equitable issues. In the instant case, however, plaintiff and defendant had no contractual relationship. Plaintiff's claim is not for damages for breach of a contract entered into between them. Rather, it is a claim primarily for injunctive relief and this is historically a suit in equity.

In Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), an opinion post *Dairy Queen*, the Supreme Court stated:

"But those who use this argument lose sight of the fundamental principle that the right of trial by jury, considered as an absolute right, does not extend to cases of equity jurisdiction. If it be conceded or clearly shown that a case belongs to this class, the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity."

The principle is well expressed in 5 Moore's Federal Practice ¶ 38.26 at p. 207:

". . . [I]f he so elected, plaintiff could seek injunctive relief, with damages as incidental thereto, and all the issues are equitable in nature, i. e., for the Court."

Plaintiff's Complaint is clearly essentially and by historical basis a suit in equity and damages are only incidental thereto; accordingly, defendants are not

entitled to the right of trial by jury and the plaintiff's Motion to Strike Defendant's Demand for Jury Trial is hereby granted.