480 F.2d 153
 178 U.S.P.Q. 262
 The COCA-COLA COMPANY, a corporation, Plaintiff-Appellee,
v.
Jack CAHILL, an Individual, d/b/a Dairy Maid and/or Cahill's
Dairy Maid, Defendant,
and
Triple "AAA" Company, a corporation, Defendant-Appellant.
 No. 72-1657.
 United States Court of Appeals,
Tenth Circuit.
 May 31, 1973.
 
 John B. Ogden, Oklahoma City, Okl., for defendant-appellant.
 Fred G. Stowers, Atlanta, Ga. (Julius R. Lunsford, Jr., Atlanta, Ga., and John W. Swinford, Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.
 Before MURRAH, Circuit Judge, DURFEE,* Judge, Court of Claims, and McWILLIAMS, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is another of the legion of cases brought by Coca-Cola Company against competing beverage manufacturers for unfair competition and trademark infringement. Triple "AAA" Company produces and markets a soft drink similar in color and taste to Coca-Cola. Jack Cahill, doing business as Cahill's Dairy Maid, sold the Triple "AAA" beverage to the public under the names "Tacola" and "Tacola-Cola." Coca-Cola Company, owner of valid registered trademarks for the brand names "Coca-Cola" and "Coke," brought suit against Cahill for unfair competition and trademark infringement, alleging that Cahill substituted and "passed off" Triple "AAA"'s beverage when Coca-Cola was asked for. Triple "AAA" was subsequently made a party defendant. A consent judgment was entered against Cahill, and the only contest now is between Coca-Cola and Triple "AAA." The triable issue is framed by the amended complaint, in which Coca-Cola contends that Triple "AAA"'s very use of the brand names "Tacola" and "Tacola-Cola" is deceptive, is unfair competition, and causes confusion with the trademark "Coca-Cola." Coca-Cola sought appropriate injunctive relief against use of the brand names "Tacola" and "Tacola-Cola" in connection with the sale of any beverage.
 
 
 2
 Jurisdiction is well founded on the Lanham Trade-Mark Act, 15 U.S.C. Sec. 1051, et seq., and 28 U.S.C. Sec. 1338. On the trial of the case the court granted permanent injunctive relief against Triple "AAA"'s use of the words "Tacola" and "Tacola-Cola" based on the finding that the words are confusingly similar to "Coca-Cola," that users of Coca-Cola would be deceived by their use as beverage names, and that Triple "AAA"'s marketing of the names constituted trademark infringement and unfair competition.
 
 
 3
 We agree with the findings and conclusions of the trial court, for the reasons so well stated in its published opinion. See Coca-Cola Company v. Cahill, 350 F.Supp. 1231 (W.D.Okl.1972).
 
 
 
 *
 Sitting by designation