**LEE PHARMACEUTICALS, Petitioner,**

v.

**Hon. Jacob MISHLER, Chief Judge, United States District Court for the Eastern District of New York, et al., Respondents.**

**No. 658, Docket 75–3068.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 5, 1975.

Decided Dec. 10, 1975.

Irons & Sears, Mary Helen Sears, Edward S. Irons, Washington, D. C. and Anthony J. DeMarco, Jr., Brooklyn, N. Y., on the brief, for petitioner.

Rogers & Wells, New York City, on the brief, for Ceramco, Inc. and Johnson and Johnson, Inc.

Before LUMBARD, FRIENDLY and MULLIGAN, Circuit Judges.

PER CURIAM:

Lee Pharmaceuticals petitions for a writ of mandamus to set aside an order of the Eastern District, Mishler, *Chief Judge*, dated October 20, 1975, granting plaintiff Ceramco's motion to strike defendant Lee's timely jury demand. For the reasons hereinafter stated, we grant the petition.

In the underlying action, Ceramco, a manufacturer of dental products and a wholly-owned subsidiary of Johnson & Johnson, seeks to enjoin the defendant from continuing to market in interstate

commerce an orthodontic adhesive under the trademark GENIE. Plaintiff alleged that pursuant to a contract of April 1973 with Culver Laboratories and the Wilkinson Company, it had acquired all "right, title and interest to the trademark GENIE used alone or in combination, including the names GOLD GENIE, CM GENIE and FIBER–METAL GENIE, and all the goodwill associated with said trademark." Since 1967, Ceramco has been using the above trademarks in connection with a "Corrective Composition" used to fill up holes in ceramic gold alloys.

In its answer, Lee asserted that there could be no possible infringement since its product and that of the plaintiff are not in direct competition, that plaintiff's attempted assumption of an exclusive right to use the name GENIE represents unfair competition and further, that Johnson & Johnson's general activities in the dental field, including the institution of the present lawsuit, represent an attempt to monopolize in violation of the antitrust laws, 15 U.S.C. §§ 1, 2, 14, 15 and 18. By way of counterclaim, Lee seeks a permanent injunction forbidding the plaintiff from "indirectly infringing Lee's trademark GENIE," and such damages as may be determined at trial to have flowed from its unfair competition. Moreover, defendant demanded a jury trial "on all issues raised by the complaint, answer and counterclaim."

On July 15, 1974, Ceramco moved to strike certain paragraphs from Lee's counterclaim, including the demand for a jury. In an affidavit submitted in support of its motion, plaintiff's counsel stated:

"Ceramco seeks equitable injunctive relief solely. In order to avoid any confusion on this issue, I am authorized to state that any prayer for money

damages contained in this complaint is hereby withdrawn. Lee's demand for a jury trial, therefore, does not entitle it to have the trademark action for injunctive relief tried to a jury . . . ."

■ After Judge Mishler granted plaintiff's motion to strike defendant's jury demand on October 20, 1975, Lee petitioned the court for a writ of mandamus on November 28, 1975, to which Ceramco responded at our request.[1] It is well-settled that a writ of mandamus is an appropriate means to redress the incorrect denial of a jury trial. *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 511, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

■ The issue, simply stated, is whether a claim for damages in an action for common law trademark infringement and unfair competition gives rise to a jury trial right under the Seventh Amendment. The fact that the demand for money damages is contained in Lee's counterclaim is of no import in consideration of the jury trial question.[2] *Beacon Theaters v. Westover*, 359 U.S. at 508, 79 S.Ct. 948.

All parties agree that the Supreme Court's opinion in *Dairy Queen v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), is the lodestar which must guide our analysis. Respondents would distinguish *Dairy Queen*, which also dealt with trademark infringement, on the ground that plaintiff and defendant in that case had entered into a contractual agreement governing their respective rights to use of the disputed trade name. No such contract is present in this case. Justice Black's majority opinion indicates, however, that the right to a jury trial did not hinge upon the presence or absence of a contract: "[A]s an action for damages based upon a charge of

---

1. Since trial is scheduled to begin in the district court on December 15, Lee's petition was submitted on expedited appeal.

2. Given our disposition of this case, it is unnecessary for us to resolve whether Ceramco effectively withdrew from the complaint its

claim for money damages. Nor need we decide whether Judge Mishler was correct in concluding that Lee had failed properly to frame its antitrust counterclaim against Johnson & Johnson, as to which it concededly would have been entitled to a jury trial.

trademark infringement, it would be no less subject to cognizance by a court of law." 369 at 477, 82 S.Ct. at 899. Moreover, Justice Harlan's concurring opinion, 369 U.S. at 480, 82 S.Ct. 894, which explicitly construed the plaintiff's complaint in *Dairy Queen* as seeking an accounting for alleged trademark infringement rather than contract damages, similarly concluded that defendant was entitled to the jury trial it had requested. See also *Swofford v. B & W, Incorporated*, 336 F.2d 406, 410 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct 653, 13 L.Ed.2d 557 (1965).

While we recognize that there has been some disagreement as to whether *Dairy Queen* is controlling in a case such as the one presently before us,[3] we believe that "the federal policy favoring jury decisions of disputed fact questions," *Byrd v. Blue Ridge Cooperative*, 356 U.S. 525, 538, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958), impels us to resolve any doubts in favor of the right to a jury trial. Since the legal issues raised in Lee's counterclaim arise out of the same factual circumstances and mirror those asserted in Ceramco's complaint, Lee is entitled, as it requested, to a jury determination of "all issues raised by the complaint, answer and counterclaim." On the basis of the jury's factual findings, the district court may then consider whether, and against whom, an injunction is warranted.

The petition was also addressed to several rulings of the district court with regard to various pretrial discovery motions. We have considered these additional points and find them to be without merit.

Petition granted with respect to Lee's demand for a jury trial.

---

**3.** *Compare Holiday Inns of America v. Lussi*, 42 F.R.D. 27 (N.D.N.Y.1967) (granting a jury trial) *with Coca-Cola Company v. Cahill*, 330 F.Supp. 354 (W.D.Okl.1961), aff'd, 480 F.2d 153 (10th Cir. 1973) (denying a jury trial).