**TECHNICAL PUBLISHING CO., etc., Plaintiff,**

v.

**LEBHAR–FRIEDMAN, INC., Defendant.**

**No. 83 C 324.**

United States District Court, N.D. Illinois, E.D.

Oct. 19, 1983.

James D. Zalewa, Mark J. Liss, Retha J. Martin, Alexander & Zalewa, Ltd., Chicago, Ill., for plaintiff.

Charles A. Laff, Larry L. Saret, Laff, Whitesel, Conte & Saret, Joseph F. Schmidt, Chicago, Ill., for defendant.

## DECISION

McMILLEN, District Judge.

Defendant has moved to strike plaintiff's demand for a jury trial, arguing that the action is essentially equitable. In the alternative, defendant requests a separate trial on the liability and the damages questions. We severed the issue of liability from the

**22**

issue of damages in the event of trial by an order entered July 19, 1983. Thus defendant's present motion applies only to the trial on the issue of liability, although the nature of the complete case controls the outcome of the motion.

Plaintiff has been publishing a tabloid newspaper called "Software News" since May, 1981 (Amended Complaint, ¶ 9). The complaint alleges that the defendant will be or is publishing a tabloid entitled "Computer + Software News," (Am.Cplt., ¶ 12). Defendant's use of this name forms the basis of plaintiff's infringement and unfair competition claims. For relief the plaintiff seeks an injunction preventing the defendant from using the name "Computer + Software News" or anything similar to the name of plaintiff's publication. Plaintiff also seeks "not less than" $1,000,000 in money damages.

■ The right to a jury trial depends upon the presence in the suit of legal, as opposed to equitable, issues. Complications arise, however, when the plaintiff seeks both legal and equitable relief in the same case, as plaintiff does here. Under Fed.R.Civ.P. 18 a party may join legal and equitable claims in one law suit. However, Rule 38 specifically states that,

> The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

In *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) the Supreme Court held that a court's determination of equitable issues may not be used to divest a party of his right to a jury determination of legal issues. The Court said at 510–11, 79 S.Ct. at 956–57:

> ... only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims. [f.n. and citation omitted]

The Court expanded its doctrine in *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), where the plaintiff alleged that the defendant breached a franchise agreement and continued to use the "Dairy Queen" trademark after the breach. The plaintiff requested injunctive relief and an accounting. The court held that "insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal." *Id.* at 476, 82 S.Ct. at 899. The Court held that the defendant had a right to a jury trial, and that to the extent there was an overlap between legal and equitable issues, the legal claims must be decided first.

Defendant in the case at bar attempts to distinguish *Dairy Queen* by arguing that the major issue in that case was breach of contract. The Court specifically addressed this issue in *Dairy Queen,* however, when it said,

> A jury, under proper instructions from the court, could readily determine the recovery, if any, to be had here, whether the theory finally settled upon is that of breach of contract, that of trademark infringement, or any combination of the two.
>
> *Id.* at 479, 82 S.Ct. at 900.

Later decisions have determined that there is a right to a jury trial in trademark infringement cases where there is no underlying breach of contract claim. *Lee Pharmaceuticals v. Mishler,* 526 F.2d 1115 (2d Cir.1975). Furthermore, the Seventh Circuit has held that legal claims which could be considered "incidental" to requests for injunctive relief must be tried by a jury if requested. *Rogers v. Loether,* 467 F.2d 1110 (7th Cir.1972), aff'd sub nom *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974).

■ In our order of July 19, 1983 we denied defendant's motion for summary judgment because we determined that there is a genuine issue of material fact concerning whether the descriptive term in the plaintiff's trademark has acquired a secondary meaning in the minds of the public. The Seventh Circuit has held that

the likelihood of confusion caused by similar trademarks is a question of fact. *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366 (7th Cir.1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976). Thus, at least part of the trademark infringement case must be determined by a jury.

Consequently, the defendant's motion to strike plaintiff's jury demand is denied. This case is set for a final pretrial conference on Friday, October 28, 1983 at 9:30 o'clock a.m.