**L.L. BEAN, INC., Plaintiff,**

v.

**DRAKE PUBLISHERS, INC., et al. Defendants.**

**Civ. No. 84–0305–P.**

United States District Court, D. Maine.

March 4, 1986.

George S. Isaacson, Alfred C. Frawley, Brann & Isaacson, Lewiston, Me., David Wolf, Wolf, Greenfield & Sacks, Boston, Mass., for plaintiff.

Elliott L. Epstein, Isaacson, Hark & Epstein, Lewiston, Me., Norman S. Beier, Lawrence E. Abelman, Abelman, Frayne, Rezac & Schwab, New York City, for defendants.

## ORDER

GENE CARTER, District Judge.

In its Report of Final Pretrial Conference and Order dated January 9, 1986, the Court indicated that it would consider written submissions of the parties concerning which counts of the Plaintiff's Complaint, if any, should be submitted to the jury for determination. Pursuant to that Order, the parties have submitted, and the Court has reviewed, briefs on the issue. The Court now determines that the Defendants' request that issues relating to Counts II and III of the Complaint for Statutory Trademark Infringement and Unfair Competition, Count IV for Common Law Unfair Competition, and Count V for Deceptive Trade Practices, be tried and determined by the Court should be *DENIED* with respect to Counts II–IV, and *GRANTED* with respect to Count V.

In this action Plaintiff seeks damages and equitable relief under both federal and state law for alleged trademark dilution, infringement, unfair competition, deceptive trade practices, interference with prospective business advantage, and trade libel. Specifically, in the counts which are the subject of this request, Count II seeks relief for trademark infringement under section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); Count IV seeks relief based upon common law unfair competition; and Count V seeks relief for deceptive trade

practices based upon 10 M.R.S.A. § 1211, *et seq.* The Complaint concludes with a general prayer for (1) injunctive relief, (2) an accounting for and payment of all profits realized by the Defendants as a result of their wrongful acts, and (3) damages. A timely demand has been made by Plaintiff for trial by jury on all issues triable by jury.

The Defendants base their argument on the proposition that the right to trial by jury does not extend to cases historically cognizable in equity. The Defendants then characterize the Plaintiff's requests for injunctive relief with respect to Counts II and III as equitable in nature, and assert that the legal relief sought in connection with these claims is "merely incidental to the primary relief sought by Plaintiff." Defendants Memorandum at 4. The Defendants conclude, apparently based upon their assertion that the action is principally equitable in nature, that the Court should determine what relief, if any, the Plaintiff is entitled to. Similarly, the Defendants contend that the Plaintiff's state law claims, Counts IV and V, are equitable in nature and, therefore, no right of trial by jury attaches under Maine law.

With respect to the counts brought under federal law, both injunctive relief and damages are available under the Lanham Act. Section 34 of the Act provides in relevant part:

> The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office.

15 U.S.C. § 1116 (Supp.1985). Section 35 of the Act provides in relevant part:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office shall have been established in any civil action arising under this chapter, the plaintiff shall

be entitled, subject to the provisions of sections 1111 [defendant must have actual notice of registration] and 1114 [infringement] of this chapter, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.

15 U.S.C. § 1117 (Supp.1985).

■ Although the Lanham Act is silent on the right to a jury trial, the United States Supreme Court in *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), recognized that claims for infringement and unfair competition are properly heard by a jury if a jury demand is made. The Court specifically rejected the argument that a right to trial by jury does not attach where the legal issues are characterized as incidental to equitable issues. *Id.* at 470, 82 S.Ct. at 896. The Court noted that the action in question involved both legal and equitable issues, and agreed with the contention "that insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal." *Id.* at 476, 82 S.Ct. at 899.

*Dairy Queen* involved both contract and trademark issues and, on that basis, a few courts have distinguished it from cases which involve only trademark infringement claims. *See Coca-Cola Company v. Cahill,* 330 F.Supp. 354 (W.D.Okl.1971); *Coca-Cola Company v. Wright,* 55 F.R.D. 11 (E.D.Tenn.1971). However, the Court in *Dairy Queen* stated, after considering the contract claims, that "as an action for damages based upon a charge of trademark infringement, it would be no less subject to cognizance by a court of law." 369 U.S. at 477, 82 S.Ct. at 899–90. This language clearly indicates that *Dairy Queen* should not be limited to contract cases. Indeed, the weight of authority supports the reading that *Dairy Queen* accords the Plaintiff a right to trial by jury on trademark infringement and unfair competition claims. *See Lee Pharmaceuticals v. Mishler,* 526 F.2d 1115 (2d Cir.1975); *Technical Publishing Co. v. Lebhar-Friedman, Inc.,* 589 F.Supp. 21 (N.D.Ill.1983); *Holiday Inns of America v. Lussi,* 42 F.R.D. 27 (N.D.N.Y. 1967). *See also Amoco Oil Co. v. Torcomian,* 722 F.2d 1099 (3d Cir.1983). Accordingly, because the Plaintiff requests a money judgment under the Lanham Act and the claims therefore are unquestionably legal, the Plaintiff has a right to trial by jury on Counts II and III.

■ With respect to the state law claims, the Defendants argue that common law unfair competition, alleged in Count IV, is a claim which has historically been cognizable in equity, not law, and thus there is no right to trial by jury. The Defendants cite a number of Maine cases in support of their characterization of the unfair competition claim as equitable. However, the characterization of a claim as either legal or equitable for purposes of the right to trial by jury in a federal court is determined by federal, not state, law. As stated in *Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963):

> [T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. The federal policy favoring jury trials is of historic and continuing strength. [Citations omitted.] Only through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved. In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, [citations omitted] but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.

*Id.* at 222, 83 S.Ct. at 610. As discussed earlier, federal law recognizes the right to trial by jury in a claim for unfair competition where there is a request for a money judgment. *See Dairy Queen v. Wood, supra.* Accordingly, the Plaintiff has a right to trial by jury on Count IV.

Finally, Count V alleges violations of the Deceptive Trade Practices Act, 10 M.R.S.A. § 1211, *et seq.* The remedies provided for by that Act are contained in section 1213, which reads as follows:

A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required. Relief granted for the copying of an article shall be limited to the prevention of confusion or misunderstanding as to source.

The court in exceptional cases may award reasonable attorneys' fees to the prevailing party. Costs or attorneys' fees may be assessed against a defendant only if the court finds that he has wilfully engaged in a deceptive trade practice.

The relief provided in this section is in addition to remedies otherwise available . against the same conduct under the common law or other statutes of this State.

10 M.R.S.A. § 1213 (1980). Thus the statute, by its own terms, only provides for injunctive relief and does not support a legal claim. The right to trial by jury does not extend to equitable claims. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Accordingly, the Plaintiff does not have a right to trial by jury on Count V.

In summary, the Plaintiff is entitled to a trial by jury on Counts II, III, and IV, but not on Count V.

So ORDERED.